## KOEBKE *v.* LABUDA.

1. DECLARATORY JUDGMENT—PLEADING—INSURANCE.

    Allegations in declaration *held,* to have afforded no factual basis for a determination of rights in plaintiff to proceeds of life insurance policy on life of plaintiff administratrix's decedent who had named defendant, his wife, as beneficiary in life insurance policy and was prevented from changing the beneficiary during pendency of divorce proceedings which she had commenced but not concluded before he died (CL 1948, § 691.501 *et seq.*).

2. SAME—PLEADING—REAL ESTATE—COMMUNITY PROPERTY.

    Allegations in declaration for determination of rights which consisted solely of the pleader's conclusions that defendant wife was a constructive trustee as to real estate as to which defendant wife of plaintiff administratrix's decedent had acquired title and a community property interest in certain real estate before commencement of divorce proceedings and during their pendency decedent was restrained from disposing of the property; that both plaintiff and defendant claim rights therein and that a controversy exists between the parties concerning the property, *held,* insufficient to predicate a claim or right in plaintiff to the real estate (CL 1948, § 691.501 *et seq.*).

3. SAME—PLEADING—COMMUNITY PROPERTY.

    Allegations in plaintiff administratrix's declaration for a determination of property rights that defendant widow had sold and conveyed certain real estate during decedent's lifetime and received the proceeds subject to the community property act and that defendant and decedent had an estimated joint income while that act was in effect and preserved by the repealing act, failed to allege facts establishing any right to relief in plaintiff (CL 1948, § 557.201 *et seq.*; § 557.251 *et seq.*; § 691.501 *et seq.*).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 16 Am Jur, Declaratory Judgments §§ 35, 64.
[1] Application of declaratory judgment acts to questions in respect to insurance policies. 142 ALR 8.
[2–4] 16 Am Jur, Declaratory Judgments §§ 29, 47.
[5] 16 Am Jur, Declaratory Judgments § 8.

4. SAME—PLEADING—COMMUNITY PROPERTY—TRUSTS.

Declaration in plaintiff administratrix's suit for determination of rights failed to state a cause of action, where it failed to contain allegations of fact but only conclusions that act repealing the community property act was unconstitutional without showing the applicability of either act, the existence or nature of an interest on the part of decedent in property sold by defendant wife during the marriage or that there were joint earnings of the spouses during the effective period of the community property act, what disposition had been made thereof, if any, or that defendant holds anything representing it, the nature, ownership or source of funds paying therefor, kind of tenancy title was held by, names of grantees in any conveyances or that a notice of claim therein was seasonably filed by or on behalf of decedent as provided in the repealing act or showing that defendant holds property in trust for plaintiff or deceased's minor son or stands in a relationship of *loco parentis* to the latter (CL 1948, § 557.201 *et seq.*; § 557.251 *et seq.*; § 691.501 *et seq.*).

5. SAME—ACCOUNTING—ACTION.

Declaratory judgment proceedings are not a substitute for an accounting suit or for regular actions nor designed to constitute a court a fountain of legal advice (CL 1948, § 691.501 *et seq.*).

Appeal from Saginaw; O'Neill (James E.) J. Submitted April 6, 1954. (Docket No. 11, Calendar No. 46,013.) Decided June 7, 1954.

Declaration by Bessie Koebke, administratrix of the estate of Henry LaBuda, deceased, against Ida P. LaBuda, widow, for determination of rights. Case dismissed. Plaintiff appeals. Affirmed.

*Lowell Jones*, for plaintiff.

*Curry & Curry*, for defendant.

DETHMERS, J. Plaintiff appeals from an order granting defendant's motion to dismiss for failure to state a cause of action. She says her declaration

was filed pursuant to CL 1948, § 691.501 *et seq.* (Stat Ann § 27.501 *et seq.*), for a declaration of rights. She alleges therein that she is the administratrix of decedent's estate, that decedent's life had been insured, that defendant married decedent and, after acquiring title and a community property interest in certain real estate and a beneficial interest in the life insurance, commenced divorce proceedings, and that decedent died during pendency of those proceedings.

Plaintiff claims rights in the life insurance proceeds, real estate, alleged joint income and proceeds from defendant's sale of real estate. Do her pleadings state a cause of action or anything to invoke the jurisdiction of the court under the declaratory judgment act?

Consider first the life insurance proceeds. The only allegations of fact relative thereto are that decedent's life was insured; that during the marriage defendant acquired a beneficial interest therein and was named as beneficiary; that during pendency of the divorce proceedings decedent was restrained from changing the beneficiary; that both plaintiff and defendant claim rights therein and that an actual controversy exists between them concerning the same. Such allegations afford no factual basis whatsoever for a determination of rights in plaintiff to the life insurance proceeds.

What of the real estate? The allegations are that both plaintiff and defendant claim rights thereto; that defendant, before commencement of divorce proceedings, acquired title and a community property interest in certain real estate; that during pendency of the divorce proceedings decedent was restrained from disposing of property; that defendant has real estate formerly belonging to decedent which she acquired and retains under circumstances resulting in a constructive trust; and that a contro-

versy exists between the parties concerning the same. Stripped of conclusions, not a single allegation remains upon which to predicate a claim or right in plaintiff to the real estate.

As relates to income or proceeds from the sale of realty, in addition to the allegations, above noted, concerning the 2 previous items, plaintiff alleges further that defendant sold and conveyed certain real estate during decedent's lifetime and received the proceeds subject to the community property act (PA 1947, No 317 [CL 1948, § 557.201 *et seq.* (Stat Ann § 26.216[1] *et seq.*)]), that defendant and decedent had an estimated joint income while that act was in effect, and that rights thereunder were preserved in the repealing act, PA 1948 (1st Ex Sess), No 39 (CL 1948, § 557.251 *et seq.* [Stat Ann 1953 Cum Supp § 26.216(21) *et seq.*]). Again, no facts are alleged to establish a right in plaintiff.

The community property act and the constitutionality of the act repealing it are injected into plaintiff's pleadings. The applicability of either is not made to appear. There is no allegation of facts to show the existence or nature of an interest on the part of decedent in the real estate of defendant sold by her during the marriage. No facts are alleged to show that there were actual joint earnings of the spouses during the effective period of the community property act, what disposition had been made thereof, if any, or that defendant holds anything representing the same. The declaration does not allege whether any of the real estate was acquired during the effective period of said act, or the nature, ownership or source of the funds from which payment therefor was made, who was named grantee in the deeds by which title was acquired or in what capacity or kind of tenancy title was held by the express terms of such conveyances, or that any notice of claim, as provided in the repealing act, was season-

ably or ever filed by or on behalf of decedent, nor are any other facts alleged showing the applicability of the community property act to any of the property involved or disclosing any interest therein on the part of plaintiff. Neither are facts alleged to show the basis for plaintiff's alleged conclusion that defendant holds property in trust for plaintiff or deceased's minor son or stands in a relationship of *loco parentis* to the latter. The mere statement of the pleader's conclusions in that regard, unsupported by allegations of fact upon which they may be based, will not suffice to state a cause of action or entitle plaintiff to a declaration of rights.

Declaratory judgment proceedings are not a substitute for an accounting suit or for regular actions, nor designed to "constitute a court a fountain of legal advice." *Updegraff* v. *Attorney General,* 298 Mich 48 (135 ALR 931); *Flint* v. *Consumers Power Co.,* 290 Mich 305; *Breedsville* v. *Township of Columbia,* 312 Mich 47; *Finlayson* v. *Township of West Bloomfield,* 320 Mich 350.

Plaintiff's declaration fails to state a cause of action or a case for declaration of rights. In this view of the case, plaintiff's other claim of error requires no discussion.

Order dismissing affirmed, with costs to defendant.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, REID, and KELLY, JJ., concurred.