[Civ. No. 8612.   Third Dist.   Oct. 21, 1955.]

ROGER F. SOHNER, Appellant, v. PAUL MASON, as Director of the Department of Motor Vehicles, et al., Respondents.

Myers & Meehan for Appellant.

Edmund G. Brown, Attorney General, E. G. Funke, Assistant Attorney General, Marcus Vanderlaan and Willard A. Shank, Deputy Attorneys General, for Respondents.

PEEK, J.—This is an appeal from a judgment of dismissal entered pursuant to the court's order sustaining defendants' demurrers to plaintiff's second amended complaint without leave to amend.

Initially plaintiff sought, by injunction, to restrain the Director of the Department of Agriculture from requiring him to license his business under the provisions of chapter 1A, division 2, of the Agricultural Code; or in the alternative to restrain the Director of the Department of Motor Vehicles from enforcing the vehicle registration provisions of the Vehicle Code and the Revenue and Taxation Code as to vehicles used by him in his business of agricultural pest control. Separate demurrers by the defendants were sustained with leave to amend. Thereupon plaintiff filed his first amended complaint by which he sought declaratory relief. In said complaint, which embodied much of that contained in his original complaint, it was alleged that the vehicle spray units were designed and used by plaintiff "solely and exclusively for the purpose of spraying weeds and noxious growth, for the purpose of eradication and destruction of said weeds and noxious growth"; that he has "no other operation in which he is engaged which might be termed an agricultural operation," and that he conducted his operations by going upon properties "used both for agricultural and commercial purposes." Defendants' demurrers were again sustained.

Thereafter a second amended complaint was filed. It was identical with the first amended complaint with the exception that the words "and which said properties are used both for agricultural and commercial purposes" were deleted. Again defendants demurred and this time the court sustained the same without leave to amend.

Section 160.2 of the Agricultural Code provides in part that: "It is unlawful for any person to engage for hire in the business of pest control without first procuring from the director a license for each calendar year or portion thereof."

Since plaintiff admittedly is engaged in the business of pest control, he is therefore compelled by legislative mandate to secure a license from the Director of Agriculture to so operate his business. Under such circumstances he could not, nor has he alleged facts showing a present legal controversy existing with the said director. A cause for declaratory relief is not established by the mere allegation that a controversy exists when reference to the allegations of fact discloses that there is no present valid controversy between the parties. (*Ephraim* v. *Metropolitan Trust Co.*, 28 Cal.2d 824, 836 [172 P.2d 501].) Nor does a dispute exist which presents a question to which there could be more than one answer. (*Gillies* v. *La Mesa etc. Irr. Dist.*, 54 Cal.App.2d 756, 760 [129 P.2d 941].) Necessarily, therefore, there could be no justiciable dispute with said director and the action will not lie. (*Merkley* v. *Merkley*, 12 Cal.2d 543, 547 [86 P.2d 89].)

The conclusion of the trial court as regards plaintiff's alleged controversy with the Director of Motor Vehicles must likewise be sustained. Section 142, subdivision c, of the Vehicle Code, among other things, exempts from the registration provisions of that code:

"Any implement of husbandry, whether of a type otherwise subject to registration hereunder or not, which is only incidentally operated or moved over a highway. The following shall be deemed to be implements of husbandry and shall be exempt from registration:

. . . . . . . . . . .

"(3) A spray rig designed and used exclusively for spraying *in the conduct of agricultural operations*." (Emphasis added.)

Thus, for plaintiff to come within the provisions of said section, it was incumbent upon him to show that the vehicle in question was an implement of husbandry designed and used exclusively for spraying in the conduct of agricultural operations. As previously noted, plaintiff alleged with particularity that the only operation for which his vehicles were used and which might be termed agricultural was the eradication of weeds by spraying, by going on the properties of the Pacific Gas and Electric and of other persons in this state.

Our courts have defined husbandry to be "the business of a farmer" (*McCue* v. *Tunstead*, 65 Cal. 506 [4 P.

452

510]) and a farmer to be one devoted to the tillage of the soil such as an agriculturalist (*Estate of Slade,* 122 Cal. 434, 437 [55 P. 158]), while Webster defines farming to mean the "business of cultivating land" and operation as the doing or performing of work.

Turning then to the allegations of plaintiff it is apparent that he has not shown that his spray rigs were used exclusively in the performance of the work of a farmer in the cultivation of land, i. e. in the *conduct* of agricultural operations. Furthermore plaintiff is faced with the additional obstacles in the allegation found only in his first amended complaint, and which was verified, that the property upon which he conducted his operations was used both for "agricultural and commercial purposes." (See *Wennerholm* v. *Stanford University School of Medicine,* 20 Cal.2d 713, 716 [128 P.2d 522, 141 A.L.R. 1358].)

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.