TRANSPORT MANUFACTURING & EQUIPMENT COMPANY, a Corporation, and Riss & Company, Inc., a Corporation, Plaintiffs-Appellants,

v.

Walter J. TOBERMAN, Secretary of State of Missouri, Missouri State Highway Commission, Harris D. Rodgers, Chairman, Missouri State Highway Commission, M. E. Morris, Director of Revenue of Missouri, Missouri State Highway Patrol, Col. Hugh H. Waggoner, Supt., Missouri State Highway Patrol, Defendants-Respondents.

No. 45406.

Supreme Court of Missouri,
En Banc.

April 8, 1957.

Rehearing Denied May 13, 1957.

Tweedie Fisher, Jefferson City, A. Alvis Layne, Jr., Washington, D. C., John B. Gage, Kansas City, for appellants, Transport Manufacturing & Equipment Co., and Riss & Co., Inc., Jess W. Van Ert, Laird P. Bowman, Kansas City, T. S. L. Perlman, Lester M. Bridgeman, Washington, D. C., of counsel.

John M. Dalton, Atty. Gen., Fred L. Howard, Asst. Atty. Gen., for respondents, Gage, Hillix, Moore & Park, Kansas City, of counsel.

WESTHUES, Judge.

Plaintiffs filed this suit in the Circuit Court of Cole County alleging in their petition that it is an action for a declaratory judgment and for an injunction pursuant to Sections 526.010–526.140 RSMo 1949, V.A.M.S.

The record shows that on September 19, 1955, the trial court heard plaintiffs on their application for a temporary order of restraint or injunction. On September 30, 1955, the court denied this request. Thereafter, various motions to dismiss were filed by the defendants. One of those was a motion to dismiss on the ground that the petition failed to state facts upon which relief could be granted. On November 25, 1955, the court sustained the motions to dismiss.

On December 3, 1955, the order of dismissal was set aside and plaintiffs were granted 30 days to plead further. In January, 1956, plaintiffs were given still more time to plead further. Thereafter, on January 20, 1956, the court dismissed the case for failure to plead further. On January 30, 1956, notice of appeal was filed and the appeal was taken to this court by plaintiffs.

It was alleged in the petition that plaintiff Transport Manufacturing & Equipment Company is a foreign corporation organized under the laws of the State of Illinois and having its general offices in Kansas City, Jackson County, Missouri; that it also holds certificates to do business in Indiana, Kentucky, Massachusetts, Michigan, Missouri, New Jersey, Ohio, Oklahoma, and Pennsylvania. It was stated that Riss & Company, Inc., is a foreign corporation organized under the laws of the State of Colorado and having a general office in Kansas City, Jackson County, Missouri; that it holds certificates to do business in Missouri, Illinois, Kentucky, Oklahoma, and West Virginia; that it maintains principal offices in the states of Colorado, Illinois, Kansas, Kentucky, Maryland, Massachusetts, Michigan, Missouri, New Jersey, New York, Ohio, Oklahoma, Pennsylvania, Texas, West Virginia, and the District of Columbia.

The defendants named in the title or caption of the petition are Walter J. Toberman, Secretary of State of Missouri; State Highway Commission of Missouri and its Chairman, Harris D. Rodgers; M. E. Morris, Director of Revenue of Missouri; Missouri State Highway Patrol and Col. Hugh H. Waggoner, its Superintendent. It was stated in the petition that the defendants at all times mentioned in the petition were functioning administrative officials as defined in Section 536.010(1) RSMo 1949, V.A.M.S., with powers to regulate interstate and intrastate motor carriers over the highways of the State. In the course of the opinion, plaintiff Transport Manufacturing & Equipment Company will be referred to as "TM&E" and Riss & Company, Inc., as "Riss."

Plaintiffs further alleged that TM&E owns large numbers of "over-the-road tractor-trailer trucks" which were leased to plaintiff Riss; that for a number of trucks, titles and licenses had been obtained in its name in states other than Missouri; that for some of its trucks titles had been procured in Missouri in its name; and

that Riss had for some of these vehicles procured lessee titles and licenses in its name in Missouri. It was further stated that Riss was engaged as a common carrier of interstate and intrastate shipments; that for this purpose it had leased a large number of "over-the-road tractor-trailer trucks" from TM&E and others.

Plaintiffs further alleged that during the year 1954 members of the Missouri State Highway Patrol, acting under directions of the defendants, arrested certain drivers of Riss while they were operating tractor-trailer trucks in interstate commerce which trucks were owned by TM&E and others, but all of which were under lease to plaintiff Riss; that drivers had been arrested and ordered to appear in court in St. Louis, Franklin, Crawford, Phelps, Greene, and Clinton Counties; that such drivers were charged with operating motor vehicles in this State without proper Missouri registration plates in violation of Chapter 301, RSMo 1949, V.A.M.S. (This chapter has been amended. See V.A.M.S., 1956 Cum. Annual Pocket Part, Chapter 301.) In paragraph 7 of the petition, it is alleged that "Plaintiffs state that the trucks so operated by the drivers arrested and charged as set forth in paragraph 6 above were at all times incident to such arrests and now are properly registered and fully licensed in, and had and now have displayed upon them the valid license plates of, the states in which they were and are domiciled and in which their owners did then and now do reside." Plaintiffs further stated that the State Highway Patrol has threatened to continue the arrest of all of the Riss drivers operating trucks that do not bear Missouri registration plates.

Plaintiffs in paragraphs 10, 11, and 12 alleged that "10. Upon information and belief the plaintiffs state that the action of the defendants in the particulars set forth has been and is predicated upon a misinterpretation of RSMo 1949 Chapter 301 that by such statute RISS is the 'owner' of all commercial vehicles operated in interstate commerce in its service such that those vehi-

cles must be registered in Missouri and bear Missouri license plates.

"11. Contrary to this view plaintiff RISS asserts that: (1) RSMo 1949 Chapter 301 clearly imports that commercial motor vehicles shall be registered by and in the name of the 'owners' thereof (2) that plaintiff RISS is not such an 'owner' with respect to the commercial motor vehicles under lease to it which are the subjects of this controversy; (3) that therefore RISS should not and cannot be required to register them; (4) and that their registry in no respect depends upon the character of RISS as a resident or non-resident motor carrier, but depends entirely upon the resident character of their respective owners.

"12. Should the contentions of plaintiff RISS asserted in the last preceding paragraph be disaffirmed by this court, and should it be adjudged an 'owner' within the purview of RSMo 1949 Sec. 301.010(18), RISS further asserts that a consideration of its corporate character, its residence in other states, and the extended nature of its business operations requires the conclusion that it is not a Missouri resident owner as to all of the commercial motor vehicles driven in its service on the highways of Missouri, but only as to those so driven which normally are domiciled in Missouri; and that with respect to all such commercial vehicles not domiciled in Missouri RISS is a nonresident owner and those vehicles bearing valid license plates of the states in which they are normally domiciled, and RISS is a resident, must be accorded by all defendants the privilege of reciprocity as defined and required by RSMo 1949 Sec. 301.270, which reads as follows: * * *." (The section of the statute was set forth in the petition but we need not embody it in this opinion.)

In addition to the contention of plaintiffs as above set forth, they alleged that "14. Should the contentions of plaintiff RISS asserted in paragraph 11 above be affirmed by this court, then plaintiff TM&E asserts that a consideration of its corporate character and its residence in other states requires the conclusion that it is not a Missouri resident owner as to all of its commercial motor vehicles, but only as to those domiciled in Missouri; and that with respect to all such motor vehicles not domiciled in Missouri TM&E is a nonresident owner and the vehicles bearing valid license plates of the states in which they normally are domiciled, and TM&E is a resident, must be accorded by all the defendants the privilege of reciprocity as defined and required by RSMo 1949 Sec. 301.270 set forth in paragraph 12 above."

In the prayer of the petition, plaintiff asked the court to declare that "(1) Plaintiff RISS is not an 'owner' of the commercial motor vehicles operated in its service required to register them in Missouri in accordance with RSMo 1949 Chapter 301;

"(2) Plaintiff TM&E is a nonresident owner of commercial motor vehicles owned by it which are domiciled in states other than Missouri;

"(3) Vehicles owned by TM&E bearing the valid license plates of the states in which they are domiciled other than Missouri shall be accorded by all the defendants the privilege of reciprocity in accordance with RSMo 1949 Sec. 301.270."

As noted above, the trial court dismissed plaintiffs' petition on motions filed by the defendants. We shall consider the question of whether the petition is sufficient to state a case under the declaratory judgment statute. Plaintiffs, in their petition, stated that the suit was based on Secs. 526.010 to 526.140 inclusive, V.A.M.S. In their brief, plaintiffs say that "Riss primarily seeks judgment that it is not the 'owner' of the vehicles in question within the meaning of Mo. R. S. 1949, Section 301.010 (19)." (That section as it now reads may be found in 1955 Cumulative Supplement or in 301.010, V.A.M.S. 1956 Cum.Annual Pocket Part.) Subsection (19) reads as follows: " 'Owner,' the term owner shall include any person, firm, corporation or association, who holds the legal title of a vehicle or in the event a vehicle is the

subject of an agreement for the conditional sale or lease thereof with the right of purchase upon performance of the condition stated in the agreement and with an immediate right of possession vested in the conditional vendee or lessee, or in the event a mortgagor of a vehicle is entitled to possession, then such conditional vendee or lessee or mortgagor shall be deemed the owner for the purpose of this law;"

■ In support of their argument that the petition is sufficient, plaintiffs, in their reply brief, quoted from 26 C.J.S., Declaratory Judgments, § 136, p. 312, and italicized the following: *"The test of the sufficiency of a complaint for a declaratory judgment is not whether it shows that plaintiff is entitled to a declaration in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all. It follows that the complaint need not allege facts showing that plaintiff is entitled to a declaration in his favor, and a complaint which shows on its face that plaintiff is advancing an erroneous contention of law is not therefor insufficient."*

We find no fault with that rule. In this case, if plaintiffs, in their petition, have stated facts upon which a court could base a judgment adjudicating the questions plaintiffs seek to settle, then the petition should be declared to be sufficient.

■ In 26 C.J.S., Declaratory Judgments, § 136, pp. 310–322, cited by plaintiffs, we find it stated (loc. cit. 311), "The petition or complaint must allege facts showing the need for a judicial determination of the controversy, * * *. A mere statement of the pleader's conclusions without a statement of the facts on which they are based is insufficient." We have examined the authorities cited in support of the text and the following cases are in point: Merchants Mut. Cas. Co. v. Kennett, 90 N. H. 253, 7 A.2d 249, loc. cit. 250(4); Koebke v. La Buda, 339 Mich. 569, 64 N.W.2d 914, loc. cit. 916(4–6); Ayers v. General Hospital, 67 Idaho 430, 182 P.2d 958,

loc. cit. 960(4) (5); Shadix v. City of Birmingham, 251 Ala. 610, 38 So.2d 851, loc. cit. 852(2); Sohner v. Mason, 136 Cal. App.2d 449, 288 P.2d 616. The same rule prevails in this State. See City of Joplin v. Jasper County, 349 Mo. 441, 161 S.W.2d 411, loc. cit. 412–414(2–4); Tietjens v. City of St. Louis, 359 Mo. 439, 222 S.W.2d 70, loc. cit. 71, 72(1–4).

We are of the opinion that plaintiffs failed to state facts sufficient for a court to base a judgment. For example, it is alleged in the petition that Riss operates trucks of TM&E under a lease and therefore Riss is not the owner of such trucks as defined in Subsection 19 of Sec. 301.010, supra. That is a statement of a conclusion which does not necessarily follow. Subsection 19 includes within the definition of "owner" a leased motor vehicle where the lease provides a "right of purchase upon performance of the conditions stated in the agreement." All we learn from a reading of plaintiffs' petition is that Riss has possession of and is operating trucks of TM&E under a lease. A court could not under those allegations determine whether the drivers of any such trucks were or were not operating the trucks without proper registration plates. The facts supporting plaintiffs' conclusion are necessary to determine the question and they were not stated in the petition. Plaintiffs, in the argument of their brief, say that the petition sets forth the facts necessary to determine the following question: "If Riss is the owner of these vehicles, is it a non-resident of Missouri to the extent that they are domiciled and registered in other states in which it resides?" The only allegations in the petition to support a determination of the above question are that Riss is a Colorado corporation having a general office in Kansas City, Missouri; that it holds certificates to do business in four other states; and that it maintains offices in sixteen jurisdictions. It is evident that from the facts stated a court cannot determine in which state the trucks are domiciled or in which state

Riss is a resident other than Missouri. It was not stated in the petition in what cities Riss maintains an office other than Kansas City nor can we determine from the petition in which state the trucks were registered nor do we find any detailed facts from which a court could determine whether Riss in fact does have a residence other than Missouri.

Taking all of the facts stated in the petition as true (absent the conclusions stated), a court could not determine with certainty any of the questions attempted to be presented by plaintiffs. All a court could do would be to state a hypothetical case in which essential facts necessary for a determination would have to be assumed and on such assumed facts draw a conclusion of law. Such a decree would not settle any question and would be wholly advisory. Such a decree could be little more than a reiteration of the provisions of the statutes governing the subject matter. That is not the function of a declaratory judgment action. 26 C.J.S., Declaratory Judgments, § 30, pp. 107–109, and cases cited under note 21 at page 109. In State ex rel. Chilcutt v. Thatch, 359 Mo. 122, 221 S.W.2d 172, loc. cit. 176(5–7), this court en banc said, "Plaintiff's petition must present a real and substantial controversy admitting of *specific relief* through a decree of a *conclusive character*, as distinguished from a decree which is merely advisory as to the state of the law upon purely hypothetical facts."

If plaintiffs had stated sufficient facts, they might have invoked the court's jurisdiction for an adjudication of their rights. The trial court by an order granted plaintiffs permission to plead further. They refused to do so. In our opinion, the trial court ruled correctly in dismissing plaintiffs' petition on the ground that it did not state a cause of action under the declaratory judgment statute.

The judgment is affirmed.

All concur except EAGER, J., not sitting.