NuVISION v DUNSCOMBE

Docket No. 92460. Submitted April 7, 1987, at Lansing. Decided September 14, 1987. Leave to appeal applied for.

Ian Dunscombe, O.D., filed for arbitration under an employment agreement with NuVision, Inc., claiming breach of the agreement. The arbitration panel ruled that Dunscombe was entitled to $92,500 from NuVision as a result of NuVision's breach of the employment agreement. NuVision then filed a complaint in the Saginaw Circuit Court seeking to vacate the award on the ground that the award was grossly excessive, a result of prejudicial hearings, and awarded by obviously partial arbitrators. Both parties brought motions for summary disposition and the trial court, Robert L. Kaczmarek, J., issued an opinion and order denying NuVision's motion and granting Dunscombe's motion. The trial court entered an order awarding Dunscombe $92,500. NuVision appealed.

The Court of Appeals *held:*

1. NuVision satisfied the rule requiring particularity in pleading in regard to paragraph 11(a) of NuVision's amended complaint. The trial court erred in granting Dunscombe's motion for summary disposition pursuant to MCR 2.116(C)(8) as to paragraph 11(a) of NuVision's amended complaint.

2. Summary disposition in favor of Dunscombe in regard to paragraph 11(b) of NuVision's amended complaint was proper. The alleged errors committed in the arbitration proceeding

REFERENCES

Am Jur 2d, Arbitration and Award §§ 124 *et seq.*; 167 *et seq.*

Am Jur 2d, Summary Judgment §§ 26 *et seq.*

Construction and application of § 10(a-d) of United States Arbitration Act of 1947 (9 USCS § 10(a-d)), providing grounds for vacating arbitration awards. 20 ALR Fed 295.

Comment Note.—Power of court to resubmit matter to arbitrators for correction or clarification, because of ambiguity or error in or omission from, arbitration award. 37 ALR3d 200.

Reviewability of order denying motion for summary judgment. 15 ALR3d 899.

were not such that, but for such errors, a substantially different award must have been made.

3. Dunscombe was entitled to summary disposition of paragraph 12 of NuVision's amended complaint.

4. The trial court properly denied NuVision's motion for summary disposition as to paragraphs 11a, 11b and 12 of NuVision's amended complaint.

Affirmed in part, reversed in part and remanded.

1. PLEADING — SUMMARY DISPOSITION — FAILURE TO STATE A CLAIM.

A motion for summary disposition based on the ground that the opposing party has failed to state a claim on which relief can be granted tests the legal sufficiency of the pleadings alone; all well-pled allegations must be taken as true and the motion should be denied unless the alleged claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery (MCR 2.116[C][8]).

2. PLEADING — SUMMARY DISPOSITION — FAILURE TO STATE A CLAIM.

A mere statement of the pleader's conclusions unsupported by allegations of fact upon which they may be based will not suffice to state a cause of action sufficient to prevent the granting of summary disposition against the pleader on the ground that he failed to state a claim on which relief can be granted (MCR 2.116[C][8]).

3. PLEADING — SUMMARY DISPOSITION — ISSUES OF MATERIAL FACT.

A motion for summary disposition based on the ground that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is therefore entitled to a judgment as a matter of law tests whether there is factual support for the plaintiff's claim; a court deciding such a motion must consider the pleadings, affidavits, depositions, admissions and documentary evidence available to it and give the nonmoving party the benefit of every reasonable doubt; the motion must not be granted unless the court is satisfied that it is impossible to support the claim at trial because of some deficiency which cannot be overcome (MCR 2.116[C][10]).

4. ARBITRATION — APPEAL.

An arbitration award and decision will be set aside where it clearly appears on the face of the award or the reasons for the decision as stated, being substantially a part of the award, that the arbitrators through an error in law have been led to a wrong conclusion, and that, but for such error, a substantially different award must have been made.

5. ARBITRATION — APPEAL.

The purpose of arbitration is to avoid protracted litigation; an arbitration award should not be vacated simply because there has been an error of law; to vacate an award, there must be error so material or so substantial as to have governed the award, and but for which the award would have been substantially otherwise.

*Jonathan E. Raven* and *Mitchell Goodman,* for plaintiff.

*VanBenschoten, Hurlburt & Tsiros, P.C.* (by *Harvey E. VanBenschoten* and *Lawrence A. Hurlburt*), for defendant.

Before: M. J. KELLY, P.J., and HOOD and E. F. OPPLIGER,* JJ.

HOOD, J. Plaintiff appeals as of right from an order of the Saginaw Circuit Court granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(8) and (10), formerly GCR 1963, 117.2(1) and (3), after plaintiff filed suit to vacate an arbitration award. We affirm in part and reverse in part.

On January 2, 1976, plaintiff and defendant entered into an employment agreement wherein defendant was to be employed by plaintiff as an optometrist at plaintiff's clinic. The agreement provided that either party could terminate the contract at any time upon giving the other party six months notice. The contract contained a provision stating that any dispute arising out of the agreement was to be submitted to arbitration. Defendant was transferred to plaintiff's Traverse City, Michigan, office shortly after entering into the agreement, and the parties operated under the agreement without incident until late 1982. Ac-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

cording to plaintiff, it became dissatisfied with defendant's work in late 1982 and on February 7, 1983, gave defendant notice of its intention to terminate defendant's employment contract on August 7, 1983. Defendant submits a different version of the facts.[1] Defendant claims that in late October or early November, 1982, an incident developed regarding a contact lens. While defendant was away at a seminar, a representative of a contact lens manufacturing company visited the Traverse City office and prescribed an experimental contact lens for a patient without having the patient sign a consent form required by the federal Food and Drug Administration. The patient, dissatisfied, later returned the lens whereupon defendant told the patient that the lens was an experimental one and that the patient should have been given the form to sign. Shortly after this incident, plaintiff's president called defendant at home and severely reprimanded him for having told the patient of the experimental nature of the lens and of the form. The president then told defendant that there were going to be some "changes made" in Traverse City. Defendant was assigned only seven work days in December, 1982, and only three days during the entire month of January, 1983. On December 29, 1982, plaintiff's vice-president sent defendant a letter stating that ". . . as of February 1, 1983 you will be identified as a part time employee." In addition, plaintiff removed defendant from Blue Cross coverage and took away defendant's company car.

The termination letter from plaintiff followed in February, 1983. Following receipt of the termination letter, defendant filed for arbitration under the employment agreement, claiming that plaintiff

[1] Since the parties have not submitted the transcript of the arbitration proceedings, we take the facts from the parties' appellate briefs.

breached the employment contract in the fall of 1982 by failing to provide him with full-time employment and benefits which arose therefrom and by altering his contract in February to that of a part-time employee.

Arbitration hearings were held over three days in April, 1985. Defendant raised alternative theories upon which the arbitrators could base an award in his favor. First, he argued that the "changes" made in defendant's employment conditions, which marked a breach in the employment contract, were made by plaintiff in retaliation for defendant's informing the patient of the required consent form which the patient had not received. Thus, termination of his employment contract constituted a wrongful retaliatory discharge which was against public policy. See *Trombetta v Detroit, T & I R Co,* 81 Mich App 489; 265 NW2d 385 (1978), lv den 403 Mich 855 (1978). Second, defendant argued that the employment contract carried with it an oral agreement that defendant could not be fired except for good cause. See *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579; 292 NW2d 880 (1980). Defendant claimed total losses of $220,519.51 as a result of the wrongful discharge and breach of his employment contract.

On July 2, 1985, the arbitration panel unanimously ruled that defendant was entitled to $92,500 from plaintiff as a result of plaintiff's breach of his employment contract. Plaintiff thereafter filed a complaint in the Saginaw Circuit Court pursuant to MCR 3.602(J)(1), formerly GCR 1963, 769.9(1), to vacate the award on the ground that the award was grossly excessive, a result of prejudicial hearings, and awarded by obviously partial arbitrators. Defendant filed a motion for summary disposition, which was granted by the court on November 1, 1985. Thereafter, an order was signed

on December 17, 1985, affirming the arbitration award, granting defendant's motion for summary disposition, and giving plaintiff thirty days in which to file an amended complaint. Plaintiff filed an amended complaint on January 21, 1986.

Defendant again moved for summary disposition under both MCR 2.116(C)(8) and (10). Plaintiff countered with its own motion for summary disposition. On April 10, 1986, the trial court issued a written opinion denying plaintiff's motion for summary disposition and granting defendant's motion for summary disposition. The court held that ¶ 11(a) of plaintiff's amended complaint spoke in terms of conclusions and did not set forth allegations of fact upon which the conclusions were based. Citing MCR 2.111(B)(1), formerly GCR 1963, 111.1(1), and MCR 2.116(C)(8), the court stated that the amended complaint did not state a claim upon which relief could be granted. Additionally, the court ruled that ¶¶ 11(b) and 12 of the amended complaint, while set forth with more particularity than ¶ 11(a), did not present genuine issues as to any material facts. Thus, the court determined that summary disposition was proper under MCR 2.116(C)(10). On April 29, 1986, the court entered an order awarding defendant $92,500, in accordance with the arbitration award. Plaintiff appeals as of right, alleging that the court erred both in granting defendant's motion for summary disposition and in denying plaintiff's motion for summary disposition.

In its written opinion, the court granted defendant's motion for summary disposition under MCR 2.116(C)(8) and (10). The court examined ¶¶ 11(a) and (b) and 12 in dismissing plaintiff's amended complaint. Paragraph 11(a) was dismissed for failure to state a claim upon which relief could be granted, and therefore must be analyzed with

reference to MCR 2.116(C)(8). Sections 11(b) and 12 were dismissed because the trial court concluded that there were no disputes as to material fact. We therefore analyze those dismissals with reference to MCR 2.116(C)(10). We will examine each relevant paragraph of plaintiff's amended complaint separately.

I. Paragraph 11(a) of plaintiff's amended complaint states:

> The arbitrators exceeded their powers in that:
>
> The arbitration award resulted from a substantial error in application of the relevant law. In particular, the arbitrators awarded Dunscombe $92,500 notwithstanding that the Employment Agreement expressly granted NuVision the right to terminate Dunscombe on six months' notice and that Dunscombe's damages for this period, by his own admission, were $25,608.67. A review of the transcript and record demonstrates that during the six-month period Dunscombe incurred no other damages. Moreover, Dunscombe could prove his entitlement to damages beyond the six-month termination period only by showing that he had a claim under *Toussaint v Blue Cross and Blue Shield of Michigan.* A review of the transcript demonstrates that Dunscombe has no claim under *Toussaint.* In effectively holding that Dunscombe had shown a claim under *Toussaint,* the arbitrators committed a substantial error in application of the relevant law.

With regard to this paragraph, the court stated:

> This paragraph speaks in terms of conclusions and does not set forth the allegations of fact upon which they are based. It is insufficient to state a claim upon which relief can be granted. *Pursell v Wolverine-Pentronix, Inc,* 44 Mich App 416, 422 [205 NW2d 504] (1973); MCR 2.111(B)(1); MCR 2.116(C)(8).

A motion under MCR 2.116(C)(8) tests the legal sufficiency of the pleadings alone. All well-pled allegations must be taken as true. The motion should be denied unless the alleged claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover. *Dzierwa v Michigan Oil Co,* 152 Mich App 281; 393 NW2d 610 (1986). The mere statement of the pleader's conclusions, unsupported by allegations of fact upon which they may be based, will not suffice to state a cause of action. *Koebke v LaBuda,* 339 Mich 569, 573; 64 NW2d 914 (1954); *Pursell, supra,* p 422.

We feel that plaintiff satisfied the rule requiring particularity in pleading. Paragraph 11(a) states that the arbitration award resulted from a substantial error in application of the relevant law. This is another way of stating that the arbitrator exceeded his or her powers. See *DAIIE v Gavin,* 416 Mich 407; 331 NW2d 418 (1982). Under MCR 3.602(J)(1)(c), formerly GCR 1963, 769.9(1)(c), a circuit court can vacate an arbitration award if the arbitrator exceeded his or her powers. Thus, the first sentence of ¶ 11(a) sets forth the applicable standard a court would use to determine whether or not to vacate the arbitration award. Paragraph 11(a) goes on to state in particular how the award was the result of legal error. Plaintiff's specific allegations are that the employment agreement provided that defendant's employment could be terminated on six months notice and that the arbitrator could come up with a $92,500 damage award only by finding that defendant had shown a claim under *Toussaint.* Plaintiff then went on to assert that no *Toussaint* claim had been demonstrated in the arbitration proceedings, and therefore the arbitrators had committed a substantial error in the application of the relevant law to

award $92,500 in damages. Thus, limiting our consideration, as we must, solely to the pleadings, we feel the trial court erred in granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(8) as to ¶ 11(a) of plaintiff's complaint.

II. Paragraph 11(b) of plaintiff's amended complaint states:

> The arbitrators exceeded their powers in that:
> The arbitrators conducted the hearing in a fashion which substantially prejudiced the rights of NuVision. In particular, the arbitrators repeatedly permitted the introduction of evidence by Dunscombe which lacked any foundation or any probative value. For example, the arbitrators admitted evidence concerning alleged discussions held prior to execution of the Employment Agreement; this evidence should have been excluded under the parole [sic] evidence rule. Moreover, the arbitrators permitted the introduction into evidence of Dunscombe's 1983 and 1984 tax returns along with a balance sheet for Dunscombe's business. These documents were admitted notwithstanding the fact that Dunscombe admitted that they had been prepared by another person who was not available to testify at the arbitration hearing. In addition, Dunscombe admitted that he had no involvement whatsoever in the participation [sic] of these documents. Consequently, there was absolutely no foundation for these documents. Moreover, the arbitrators allowed a former employee of Dunscombe to testify as to Dunscombe's optometric responsibilities and capabilities. This testimony should have been stricken because the employee was not a licensed optometrist and, therefore, could not competently testify as to these matters. Finally, the arbitrators refused to allow NuVision to cross-examine one of Dunscombe's key witnesses in order to establish that the witness was biased.

With regard to this paragraph, the court stated:

The errors of law which the Plaintiff has alleged in paragraph 11b of the amended complaint do not meet [the *DAIIE v Gavin*] standard. They are minor evidentiary matters which could not have materially or substantially governed the arbitration award. Further, they do not appear on the face of the award as reasons for the arbitrators' underlying decision. For these reasons, no genuine issue as to any material fact is presented in paragraph 11b of the First Amended Complaint. *Rizzo v Kretschmer,* 389 Mich 363, 370-374 [207 NW2d 316] (1973); MCR 2.116(C)(10).

As indicated previously, this portion of the amended complaint was dismissed under MCR 2.116(C)(10). A motion under MCR 2.116(C)(10) tests whether there is factual support for the plaintiff's claim. A court, in deciding such a motion, must consider the pleadings, affidavits, depositions, admissions and documentary evidence available to it and give the nonmoving party the benefit of every reasonable doubt. The motion must not be granted unless the court is satisfied that it is impossible to support the claim at trial because of some deficiency which cannot be overcome. *Dzierwa, supra,* p 284. The standard to be used by courts in reviewing arbitration awards is stated in *DAIIE v Gavin, supra:*

[W]here it clearly appears on the face of the award or the reasons for the decision as stated, being substantially a part of the award, that the arbitrators through an error in law have been led to a wrong conclusion, and that, but for such error, a substantially different award must have been made, the award and decision will be set aside. [*Gavin, supra,* 443 (citing *Howe v Patrons' Mutual Fire Ins Co of Michigan,* 216 Mich 560, 570; 185 NW 864 [1921]).]

In ¶ 11(b), plaintiff cites errors in the admission

of evidence in the arbitration hearing to show that the arbitrators substantially prejudiced its rights in the hearing. Specifically, plaintiff asserts the following errors: (1) the introduction of defendant's 1983 and 1984 tax returns and a balance sheet for his business without authentication by the maker of the documents, defendant's accountant, (2) introduction of evidence showing an oral discussion between defendant and Shapiro, president of plaintiff, prior to the employment contract, (3) introduction of evidence by a fellow worker of defendant, a nonoptometrist, concerning defendant's optometric responsibilities and capabilities at NuVision, and (4) the arbitrators' refusal to allow plaintiff to cross-examine one of defendant's key witnesses (unnamed in the complaint) to show bias.

The purpose of arbitration is to avoid protracted litigation. In order to maintain this purpose, an arbitration award should not be vacated simply because there has been an error of law. *Farr v Michigan Mutual Liability Co,* 100 Mich App 190, 192-93; 298 NW2d 708 (1980). The Michigan Supreme Court has adopted a higher standard, stating that to vacate an award there "must be error so material or so substantial as to have governed the award, and but for which the award would have been substantially otherwise." *DAIIE v Gavin, supra,* p 443. While courts should be liberal in finding that a material issue of fact exists under MCR 2.116(C)(10), we conclude that summary disposition of ¶ 11(b) of the amended complaint was proper in the instant case, when the applicable standard set forth above is applied. We feel that the alleged errors committed in the arbitration proceeding were not such that "but for such error[s], a substantially different award must have been made." *DAIIE v Gavin, supra,* p 443. The trial court ruled that these alleged errors were

"minor evidentiary matters which could not have materially or substantially governed the arbitration award." We agree. Therefore, summary disposition pursuant to MCR 2.116(C)(10) was proper in light of the standard of error set forth in *Gavin, supra.*

III. Section 12 of plaintiff's amended complaint states:

> There was evident partiality of the arbitrators who had been appointed as neutrals. In particular, an arbitrator made statements indicating that he had pre-judged the merits of the case in a manner favorable to Dunscombe. The arbitrator stated:
>
> "[S]omebody has to explain to my satisfaction in order for us to render a decision about why the written word, which you people [NuVision] stipulated to as being the Bible in this case, is not being followed, and I assume that's why, you know—I mean, this contract says the guy has had a car, now you're telling us he doesn't."
>
> In addition, the arbitrators engaged in the conduct described in paragraph 11b herein.

With regard to this paragraph, the court stated:

> There is nothing in the quoted statement of the arbitrator to indicate that he had pre-judged the merits of the case. Further, the transcript shows that the arbitrator specifically denied that he had pre-judged the case, when challenged on this point at the arbitration proceeding. There is no genuine issue as to any material fact presented in paragraph 12 of the First Amended Complaint. MCR 2.116(C)(10); MCR 3.602(J)(1)(b).

We agree that, with regard to this paragraph, there is no genuine issue of material fact and defendant is entitled to judgment as a matter of law. Not only did the arbitrator deny any preju-

dice or prejudgment on the issue of a contract violation for plaintiff's failure to supply defendant with an automobile for the duration of his employment, but we fail to see how the above-quoted statement shows bias.

The employment contract stated that defendant would be furnished a company car or given a monetary credit of $166.67 per month for use of his own personal car. In the above quotation, the arbitrator wanted plaintiff's attorney to explain why the contract stated defendant received a company car yet plaintiff claimed that he did not. The arbitrator was asking only for a clarification of the contract term. Defendant asserted in damages the $166.67 per month credit for use of his car, computed from the fall of 1982 when his company car was taken away from him until his dismissal in August, 1983. Plaintiff failed to show bias by the above statement. We agree that summary dismissal of ¶ 12 was proper.

Plaintiff also claims that the trial court erred in denying its motion for summary disposition. In its motion, plaintiff stated:

NuVision, Inc., by its attorneys, moves this Court for entry of an Order of Summary Disposition, vacating the arbitration award or reducing it to the amount of $25,608.67. As grounds, NuVision states as follows:

1. The arbitrators exceeded their powers in that:

a. The amount of the arbitration award was grossly excessive as a matter of law. In particular, the arbitrators awarded Dunscombe $92,500.00 notwithstanding that the employment agreement expressly granted NuVision the right to terminate Dunscombe on six months' notice and that Dunscombe's damages through this period were, by his own admission, $25,608.67.

b. The arbitrators conducted the hearing in a

> fashion which substantially prejudiced the rights
> of NuVision. In particular, the arbitrators repeat-
> edly permitted the introduction of evidence by
> Dunscombe which lacked any foundation or proba-
> tive value.
>
> 2. There was evident partiality of the arbitrators
> who had been appointed as neutrals. In particular,
> an arbitrator made statements indicating that he
> had prejudged the merits of the case in a manner
> favorable to Dunscombe. In addition, the arbitra-
> tors conducted the hearing in a fashion substan-
> tially prejudicial to the rights of NuVision, as is
> described in paragraph 1b herein.

We have previously concluded that under the applicable standards for vacating an arbitration award, plaintiff has failed to show that the arbitrators conducted the hearing in a fashion which substantially prejudiced the rights of plaintiff or that there was evidence of partiality on the part of the arbitrators. Thus, the trial court correctly denied plaintiff's motion for summary disposition as to ¶¶ 11b and 12. As to plaintiff's claim under ¶ 11a that the arbitrators exceeded their powers in awarding defendant $92,500 where plaintiff claimed that defendant had a right to only $25,608.67 (damages from February to August, 1983), we feel a denial of summary disposition was also proper. In support of its claims, plaintiff states that the only conceivable basis for awarding defendant $92,500 was for the arbitrators to find that defendant had proven a claim under *Toussaint.* However, from an examination of defendant's appendices to his appellate brief, and from the affidavit filed by defendant in the circuit court, it is clear that the arbitration award could have been based on defendant's claim that his discharge was a retaliatory discharge for refusal to carry out and perform certain unethical and illegal professional

acts and procedures in the course of his employ-
ment with plaintiff. See *Trombetta, supra,* p 496;
see also *Sventko v The Kroger Co,* 69 Mich App
644, 647; 245 NW2d 151 (1976). The unethical and
illegal professional acts which defendant refers to
involved prescribing the experimental lenses in
the fall of 1982. There were clearly factual dis-
putes here and, thus, the trial court did not err in
denying plaintiff's motion for summary disposition
as to ¶ 11a.

In summary, we conclude that the trial court
erred only in granting summary disposition as to
¶ 11(a) of plaintiff's amended complaint under
MCR 2.116(C)(8) for failure to state a claim, since
the allegations of ¶ 11(a), if taken as true, do set
forth a cause of action. In all other respects, we
agree that summary disposition as rendered by the
trial court was correct.

Affirmed in part, reversed in part and remanded
for further proceedings consistent with this opin-
ion. We do not retain jurisdiction.

E. F. OPPLIGER, J., concurred.

M. J. KELLY, P.J., concurred in the result only.