CITY OF CENTER LINE v THIRTY-SEVENTH DISTRICT COURT
JUDGES

1. COURTS—DISTRICT COURTS—THIRD-CLASS DISTRICTS—STATUTES.

A district court must sit at each city having a population of 3,250 or more in a third-class district (MCLA 600.8251[3]; MSA 27A.8251[3]).

2. COURTS—DISTRICT COURTS—VENUE—CRIMINAL LAW—THIRD-CLASS DISTRICTS—POLITICAL SUBDIVISIONS—STATUTES.

The proper venue in a judicial district of the third class in criminal actions is in the political subdivision thereof where the violation took place, except that when a criminal violation is alleged to have taken place within a political subdivision where the court is not required to sit the action may be tried in any political subdivision within the district where the district court is required to sit; a narrow exception to this rule is that where there has been a violation of a state law within one mile of the boundary of two or more counties, districts, or political subdivisions venue is proper in any of the subdivisions concerned (MCLA 600.8312; MSA 27A.8312).

3. COURTS—DISTRICT COURTS—CRIMINAL LAW—STATE LAW VIOLATIONS—JURISDICTION—STATUTES.

The only state criminal violations cognizable by the district courts are misdemeanors punishable by a fine or imprisonment not exceeding one year or both (MCLA 600.8311; MSA 27A.8311).

4. COURTS—DISTRICT COURTS—VENUE—CIVIL CASES—STATUTES.

Civil venue within a judicial district is not determined on the

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Courts §§ 17, 18.
[2] 77 Am Jur 2d, Venue § 89.
[3] 20 Am Jur 2d, Courts § 91.
[4] 20 Am Jur 2d, Courts § 11.
[5] 20 Am Jur 2d, Courts § 23.
[6] 20 Am Jur 2d, Courts § 163.
[7] 20 Am Jur 2d, Courts § 31.

basis of political subdivisions within the district (MCLA 600.8312[5]; MSA 27A.8312[5]).

5. COURTS—CONSTITUTIONAL LAW—STATUTES—DISTRICT COURTS—MUNICIPAL COURTS.

Declaring unconstitutional a statute which allows for the retention of a municipal court under certain conditions would not reestablish a municipal court which was abolished by a different statute (MCLA 600.9921, 600.9928; MSA 27A.9921, 27A.9928).

6. COSTS—ATTORNEY FEES—DAMAGES.

Recovery of attorney fees, either as an element of the costs of a suit or as an item of damages, is not allowed unless expressly authorized by statute or court rule.

7. COURTS—DISTRICT COURTS—CENTER LINE—THIRTY-SEVENTH DISTRICT COURT—SMALL CLAIMS ACTIONS—CRIMINAL LAW.

The 37th district court must sit in Center Line and at that location it must hear all small claims actions arising in Center Line and the following criminal matters: (1) Center Line ordinance and charter violations, (2) arraignments on warrants from Center Line, and (3) preliminary examinations on all offenses committed in Center Line.

Appeal from Macomb, Howard R. Carroll, J. Submitted January 14, 1977, at Detroit. (Docket Nos. 27812, 28264.) Decided March 3, 1977.

Complaint by the City of Center Line against the judges for the 37th judicial district seeking a declaration of rights as to the location of the 37th district court. Judgment was entered ruling that with the exception of Center Line city ordinance violations and small claims violations arising within Center Line all cases could be heard by the judges at any location within the geographical limits of the 37th judicial district. Plaintiff appeals and the defendants cross-appeal. Affirmed with modifications.

*Roy W. Rogensues,* Center Line City Attorney, for plaintiff.

*Irving D. Robinson,* for defendants.

Before: T. M. BURNS, P. J., and QUINN and M. F. CAVANAGH, JJ.

T. M. BURNS, P. J. The City of Center Line brought this action seeking a declaration of rights as to the location of the 37th district court. Both the plaintiff and the defendants appeal from the ruling of the circuit court.

This action concerns the abolition of the Center Line municipal court. Center Line is a municipal corporation located in Macomb County. It has an area of 1.57 square miles and a population of approximately 10,379 persons. Center Line is completely surrounded by the City of Warren. Together the two cities make up the 37th judicial district, which is a district of the third class.[1] Warren contains more than 50% of the population of the 37th district.

In 1968 the Center Line municipal court was abolished by the state Legislature. MCLA 600.9921; MSA 27A.9921. The Center Line City Council attempted to retain its municipal court pursuant to MCLA 600.9928; MSA 27A.9928. The council's action was to no avail as the City of Warren did not join in the court retention resolution.

In 1969 Center Line completed an addition to its city hall to house the Center Line division of the 37th district court. Meanwhile, the City of Warren was constructing a modern judicial building located about two and one-half miles from the Center Line city hall. Since the completion of the new Warren facility the 37th district court judges (hereinafter judges) have ceased to hold court on a

---

[1] MCLA 600.8122; MSA 27A.8122.

full time basis in Center Line. The judges have stated their intention to cease sitting in Center Line altogether, choosing to handle all district court matters arising in the 37th district in Warren.

At trial, Center Line challenged the propriety of the judges hearing matters arising in Center Line in Warren. The plaintiff also challenged the constitutionality of MCLA 600.9928; MSA 27A.9928. The circuit court ruled that with the exception of Center Line city ordinance violations and small claims actions arising within Center Line, all cases could be heard by the judges at any location within the geographical limits of the 37th judicial district. Center Line appeals from that ruling. The trial court also ruled that the judges were not entitled to costs and attorney fees. They cross-appeal from that ruling.

## I. VENUE

In third class districts, the district court must sit at each city having a population of 3,250 or more. MCLA 600.8251(3); MSA 27A.8251(3). Center Line has a population over 10,000. The district court must, therefore, sit in Center Line. We find no error in the apparent conclusion of the trial court that the statutory requirement that the court "sit" in Center Line is met by requiring the judges to sit in Center Line for ordinance violations and small claims cases arising out of Center Line. The question remains, however, exactly what matters must be heard in Center Line.

As for district court venue in criminal cases, MCLA 600.8312; MSA 27A.8312 provides in relevant part:

"(3) In a district of the third class, venue in criminal

actions for violations of state law and all city, village, or township ordinances shall be in *the political subdivision thereof where the violation took place,* except that when such violation is alleged to have taken place within a political subdivision where the court is not required to sit the action may be tried in any political subdivision within the district where the court is required to sit.

"(4) With regard to *state criminal violations cognizable by the district court,* the following special provision shall apply:

"(a) *If an offense is committed on the boundary of 2 or more counties, districts, or political subdivisions or within 1 mile thereof, venue is proper in any of the counties, districts, or political subdivisions concerned."* (Emphasis added.)

In construing the statute, the trial court found that since all of Center Line is within one mile of the border of Warren, all criminal matters relating to state law violations arising from Center Line could be heard in Warren. We believe the circuit court interpreted subsection 4(a) too broadly.

Since the 37th district court must sit in Center Line, the proper venue in criminal actions where the violation occurred in Center Line is Center Line. MCLA 600.8312(3); MSA 27A.8312(3). A narrow exception to this rule is that, due to the unusual juxtaposition of Center Line and Warren, cases involving state criminal violations which are cognizable by the district court may be heard in Warren even though the violations occurred in Center Line. MCLA 600.8312(4)(a); MSA 27A.8312(4)(a). The only state criminal violations cognizable by the district court are misdemeanors punishable by a fine or imprisonment not exceeding one year or both. MCLA 600.8311; MSA 27A.8311. Thus the only criminal matters arising

out of Center Line which *may* be heard by the district court in Warren are state law misdemeanors.[2] Those criminal matters which *must* be heard in Center Line are Center Line ordinance and charter violations, arraignments on warrants from Center Line and preliminary examinations on all offenses committed in Center Line. MCLA 600.8311; MSA 27A.8311.

The plaintiff also challenges the ruling of the trial court permitting the hearing of all 37th district civil cases other than small claims in Warren. Civil venue is not determined on the basis of political subdivisions within the district. MCLA 600.8312(5); MSA 27A.8312(5). There was no error.[3]

## II. CONSTITUTIONAL VALIDITY

Plaintiff argues that MCLA 600.9928; MSA 27A.9928 denies it equal protection of the law and due process of law and is thus unconstitutional.

Plaintiff contends, in effect, that it is unfair for its municipal court to be abolished simply because the City of Warren has a greater population than the City of Center Line. Under MCLA 600.9921; MSA 27A.9921 municipal courts were abolished in Michigan. Warren and Center Line could have retained their municipal courts under MCLA 600.9928; MSA 27A.9928 if both had voted to

---

[2] We would hope, however, that since the district court will be sitting in Center Line and presumably on a regular basis, the court will hear state misdemeanor cases which arise in Center Line in Center Line. The legislative preference is clearly for criminal actions to be heard in the political subdivision where the violation occurs. MCLA 600.8312(3); MSA 27A.8312(3).

[3] We decline to rule that the district court in Center Line must be a "full-time" court. The nature of the court will be determined largely by the caseload that is generated. Otherwise, the question is one addressed to the discretion of the presiding judge. MCLA 600.8221; MSA 27A.8221.

retain them. Center Line alone could not have retained its municipal court since it does not contain more than 50% of the population of the district.

The relief sought by the plaintiff in this case is a declaration of rights in the plaintiff to elect not to participate in the district court and to retain its municipal court. A finding by this Court that MCLA 600.9928; MSA 27A.9928 is unconstitutional would in no way afford plaintiff the relief sought. The Center Line municipal court was abolished by MCLA 600.9921; MSA 27A.9921. Voiding MCLA 600.9928; MSA 27A.9928 would not reestablish the municipal court or provide any aid in doing so. We, therefore, decline to consider the question. *Detroit v Killingsworth,* 48 Mich App 181; 210 NW2d 249 (1973).

### III. ATTORNEY FEES

The final issue is whether the judges, named as individual defendants in the lower court, are entitled to be reimbursed for attorney fees paid to defend this action. The trial judge refused to award the judges costs and attorney fees. The judges argue that they are entitled to such fees.

Recovery of attorney fees, either as an element of the costs of a suit or as an item of damages, is not allowed unless expressly authorized by statute or court rule. *State Farm Mutual Automobile Insurance Co v Allen,* 50 Mich App 71; 212 NW2d 821 (1973). Defendants have pointed to and we have found no specific authority for the recovery of attorney fees in cases such as the one at bar. We find no error in the trial court's denial of costs and attorney fees.

IV. CONCLUSION

The 37th district court must sit in Center Line.
Those criminal matters which must be heard in
Center Line are Center Line ordinance and char-
ter violations, arraignments on warrants from
Center Line and preliminary examinations on all
offenses committed in Center Line. Pursuant to
the order of the trial court, all small claims ac-
tions arising in Center Line shall be heard in
Center Line.

The judgment of the trial court is affirmed as
modified by this opinion. Costs of this appeal shall
not be taxed.