WAYNE COUNTY SHERIFF v WAYNE COUNTY BOARD OF
COMMISSIONERS

Docket No. 60933. Submitted ·August 8, 1983, at Detroit.—Decided
    November 22, 1983.
    Plaintiff, William Lucas, Wayne County Sheriff, filed suit for
    declaratory relief in Wayne Circuit Court after defendants,
    Wayne County Board of Commissioners and Wayne County
    Board of Auditors, cut plaintiff's budget by eliminating the
    Wayne County Sheriff's Patrol and Investigation Division. The
    circuit court, Harvey W. Moes, J., denied plaintiff's request for
    relief. Plaintiff appealed as of right. *Held:*
        1. The circuit court properly ruled that defendant board of
    commissioners did not act in an arbitrary and capricious man-
    ner in voting to eliminate the division in question. Plaintiff did
    not show that defendants' action involved malicious intent,
    capricious action or corrupt conduct, or that defendants' action
    did not arise from an exercise of judgment and discretion
    vested by law in them.
        2. The circuit court acted properly in finding that the elimi-
    nation of the division in question would not prevent plaintiff
    from performing the mandated duties of his office at a mini-
    mally serviceable level. Plaintiff failed to demonstrate that any
    common-law or statutory duties had been rendered impossible
    to perform as the result of defendants' claim.
        3. The circuit court did not abuse its discretion in excluding
    the testimony of plaintiff's other witnesses as cumulative.
        4. The circuit court did not abuse its discretion in denying
    plaintiff's request for attorney fees.
        Affirmed.

REFERENCES

Am Jur 2d, Appeal and Error § 872.
Am Jur 2d, Declaratory Judgments § 101.
Am Jur 2d, Evidence §§ 251-256.
Am Jur 2d, Public Officers and Employees §§ 27 *et seq.,* 312 *et
    seq.*
Right to jury trial in action for declaratory relief in state court. 33
    ALR4th 146.
See also the annotations in the ALR3d/4th Quick Index under
    Administrative Law; Counties; Declaratory Judgments; Exclusion
    or Suppression of Evidence; Public Officers and Employees.

1. COUNTIES — COUNTY BOARD OF COMMISSIONERS — APPEAL.

A county board of commissioners is constitutionally granted legislative and administrative powers and duties as provided by law and further statutorily granted the power to appropriate money and manage county affairs; the judiciary will not control the discretion of a legislative body acting within the limits vested in it by law unless the action is so capricious and arbitrary as to evidence a total failure to exercise discretion (Const 1963, art 7, § 8; MCL 46.11; MSA 5.331).

2. PUBLIC OFFICERS — GOOD FAITH — PRESUMPTIONS.

The law presumes that public officials, acting as such, act in good faith when performing their duties.

3. COUNTIES — COUNTY BOARD OF COMMISSIONERS.

A county board of commissioners exercises its power as a collective entity and not as individuals.

4. CONSTITUTIONAL LAW — PUBLIC OFFICERS — DUTIES OF OFFICE.

The Legislature may vary the duties of a constitutional office, but may not change the duties so as to destroy the power to perform the duties of the office.

5. JUDGMENTS — APPEAL — DECLARATORY JUDGMENTS.

Review of declaratory judgments is conducted *de novo;* however, the Court of Appeals will not reverse a trial court's factual findings unless they are clearly erroneous.

6. EVIDENCE — RULES OF EVIDENCE.

A trial court has a broad measure of discretion in determining whether to exclude relevant evidence and may properly rule in favor of exclusion where a proposed witness's testimony would cause undue delay, a waste of time or needless presentation of cumulative evidence (MRE 403).

7. ATTORNEY AND CLIENT — ATTORNEY FEES — DECLARATORY JUDGMENT.

In any action for declaratory judgment, it is within a trial court's discretion to decide whether to grant a plaintiff's request for attorney fees.

*Jenkins, Nystrom, Hitchcock, Parfitt & Nystrom, P.C.* (by *Dennis H. Nystrom, Jeanette A. Paskin* and *Gil Gugni),* for plaintiff.

*Bodman, Longley & Dahling* (by *Joseph A. Sullivan, James J. Walsh* and *Charles N. Raimi*), for defendants.

Before: Bronson, P.J., and T. M. Burns and J. T. Kallman,* JJ.

Per Curiam. Plaintiff appeals as of right from the trial court's order denying declaratory relief from defendants' action of cutting plaintiff's budget by eliminating the County Sheriff's Patrol and Investigation Division. On appeal, plaintiff raises several issues, none of which require reversal.

First, plaintiff contends that the trial court erred in ruling that defendant board of commissioners did not act in an arbitrary and capricious manner in voting to eliminate the division in question. We disagree. Defendant board of commissioners is authorized by Const 1963, art 7, § 8, and MCL 46.11; MSA 5.331 to exercise legislative power to appropriate money and to manage county affairs. OAG 1979-1980, No 5816, p 1079. Under established separation of powers doctrine, legislative power must be insulated from judicial interference. This Court had consistently held that in disputes such as the present one, the judiciary will not interfere with discretionary actions of a legislative body such as defendant board of commissioners. *Wayne County Prosecutor v Wayne County Board of Comm'rs,* 93 Mich App 114, 121; 286 NW2d 62 (1979); *Brownstown Twp v Wayne County,* 68 Mich App 244, 251; 242 NW2d 538 (1976), *lv den* 399 Mich 831 (1977). Only action which is "so capricious or arbitrary as to evidence a total failure to exercise discretion" may be sub-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ject to this Court's review. *Wayne County Prosecutor, supra,* pp 121-122.

In order to warrant an equity court's instrusion into an exercise of local legislative power, such as that involved here, it is necessary to demonstrate "malicious intent, capricious action or corrupt conduct" or, alternatively, "something which shows the action of the body whose acts are complained of did not arise from an exercise of judgment and discretion vested by law in them", *Veldman v Grand Rapids,* 275 Mich 100, 113; 265 NW 790 (1936).

Plaintiff has failed to make any such showing here. The board of commissioners decided to eliminate funding only after it had listened to lengthy presentations by various county department heads, the board of auditors, and the advice of corporation counsel and fiscal consultants regarding the level of mandatory duties and serviceability. The decision was thus, at the very least, an informed exercise of discretion rather than a wholly political act borne of ignorance and passion. Furthermore, the mere fact that each individual board member did not testify that he or she was aware of every function performed by the division in question does not mean that the decision resulted from ignorance or capriciousness. The law does not presume that local officials act from ignorance, but instead proceeds from the contrary presumption that such officials act in good faith to perform their duty. *Veldman, supra,* p 113. We also note that absent some showing of malicious action, bad faith or corruption, individual board members' viewpoints are not relevant since the board exercises its power as a collective entity and not as individuals, *Saginaw County v Kent,* 209 Mich 160; 176 NW 601 (1920); *Crain v Gibson,* 73 Mich App 192, 200; 250 NW2d 792 (1977), *lv den* 400 Mich

828 (1977). Delegation of investigatory and reporting duties to certain board members, to the exclusion of others, is legislatively sanctioned and necessary to the board's proper functioning. Such delegation does not compel the conclusion that the board as a whole acted capriciously or based upon ignorance. *Crain, supra.*

The manner in which the board disposed of this budget dispute is quite similar to that which was found proper in *Wayne County Prosecutor, supra,* pp 120-123. In that case, as in the present one, the board acted in good faith in making its decision that certain county services had to be cut from the budget. There was no showing in either case of any malice, ill will or bad faith on the part of the board. We note the absence of testimony indicating any personal animosity toward plaintiff, William Lucas. The sole objection of certain board members was to various personnel practices within the sheriff's department. These practices are certainly relevant factors to consider in making budget decisions. In short, we conclude that there is no basis for reversing either the board's action underlying this dispute or the trial court's order denying declaratory relief from that action.

Plaintiff's remaining arguments on appeal are also without merit. The court acted properly in finding that elimination of the division in question would not prevent plaintiff from performing the mandated duties of his office at a "minimally serviceable" level. It is true that the legislative branch may not properly change the duties of a constitutional office, such as that of a county sheriff, so as to destroy the power to perform the duties of that office. See *Allor v Board of Auditors,* 43 Mich 73, 102-103; 4 NW 492 (1880); *Fraternal Order of Police, Ionia County, Lodge 157 v*

*Bensinger,* 122 Mich App 437, 445; 333 NW2d 73 (1983).

However, in the present case, plaintiff has failed to demonstrate that any common-law or statutory duties have been rendered impossible to perform as the result of defendants' action. Certainly, defendants' action has not rendered performance of common-law duties impossible. See *Brownstown Twp v Wayne County, supra,* where this Court found that defendant had not improperly interfered with the common-law duties of the sheriff in eliminating funding for the sheriff's road patrol in certain townships, 68 Mich App 251. The services involved in the present case are similar to those reviewed in *Brownstown Twp, supra.* We note that the question of whether particular patrol and investigation services should be eliminated is a highly political issue, best left for resolution by the voters rather than by the nonpartisan courts. As the court observed in *Jones v Wittenberg,* 357 F Supp 696 (ND Ohio, 1973), cited in *Brownstown, supra:*

"Under the American system of constitutional government, it is the duty of the legislature, in this case the Board of County Commissioners, to raise the funds for governmental operation, and to distribute them among the various executive departments including, in this case, the Sheriff and his department. Since the public funds are not unlimited, and every executive always needs more money than he can get, the matter of appropriations is a highly political one. For the necessarily apolitical court to attempt to resolve such political disputes by legal methods would be the height of folly. This Court is not that foolish. The parties should argue this question to the voters.

"The defendant Sheriff contends that in order to carry on all his official functions, he must have a much larger appropriation of public funds than he was granted.

* * *

"The relevance of this argument, which consumed so much time at the hearing, is the defendant Sheriff's contention that he is not granted sufficient money both to comply with the Court's order for guarding the jail, and to patrol the roads of the County, and perform numerous other duties.

"[3] This again presents a non-justiciable problem. No public official can provide all the services that he would like to provide, and it is for him to use his judgment as to how he will make his money spread. If he is politically astute, he can perhaps make sufficient political capital of his inability to render services to create pressure upon the legislative branch to increase his appropriation. But no court can very well take a hand in that game. Nor can the court even suggest, much less dictate, in what way an official shall shift his funds in order to comply with a duty which the court has found the law imposes upon him." *Jones, supra,* pp 699-700.

The same reasoning applies to plaintiff's claim that defendants' action interferes with the performance of certain statutory duties. The issue is whether the elimination of the division in question renders plaintiff unable to provide statutorily mandated services at a "minimally serviceable" level, *Cahalan v Wayne County Board of Comm'rs,* 93 Mich App 114; 286 NW2d 62 (1979). As noted in *Cahalan, supra,* a "serviceable" level of funding need not be an optimal level; in order for a level of funding to be deemed less than "serviceable", there must be some showing of an "emergency immediately threatening the existence of the function". 93 Mich App 124.

The determination of what constitutes an "emergency" threatening the existence of a function can be a highly subjective one, yet the trial court carefully reviewed the evidence, concluding that elimination of the division in question would not

impair plaintiff's ability to perform at a "serviceable" level. Although this Court reviews the entire record *de novo* on appeal from a declaratory judgment, the Court will not reverse a trial court's factual findings unless the latter are "clearly erroneous", *Lenawee County Board of Comm'rs v Abraham*, 93 Mich App 774, 779; 287 NW2d 371 (1979). We find no occasion to overrule the trial court's factual finding that most of the functions[1] performed by the division in question continued to be performed at "serviceable" levels, because they were: (1) duplicated by other divisions or departments, including the state police, (2) were back-up for nonmandated functions, or (3) were still being performed by personnel under the auspices of the jail division. The court's admonition in *Jones v Wittenberg, supra,* against judicial entanglement

---

[1] We note that there are two functions which arguably have been rendered less than "serviceable" by the defendants' action. First, plaintiff has made a cogent argument in support of his position that the marine division, which performs various functions mandated by the Marine Safety Act, MCL 281.1001 *et seq.;* MSA 18.1287(1) *et seq.,* was the agency to which the Legislature intended to delegate primary responsibility for marine law enforcement. The governing statutes do specifically delegate enforcement functions to the sheriff's office and contain language suggesting that the sheriff's office was intended to perform a central role in this area of enforcement. However, defendants pointed out to the trial court (1) that the statutes authorize the sheriff to call upon other agencies for assistance in connection with his marine duties and (2) that, under the Marine Safety Act, the Legislature transferred funding for marine safety and law enforcement in Wayne County to the Department of Natural Resources. These considerations support a conclusion that much of the sheriff's function of marine law enforcement can be effectively transferred to other agencies. Although we might not have reached the same conclusion sitting as the trier of fact below, we decline to overturn the lower court's findings regarding the marine division as having been "clearly erroneous".

The remaining function which has arguably been rendered less than "serviceable" is the sheriff's duty toward Brownstown Township, which does not maintain its own police force. However, since Brownstown Township, a party plaintiff below, has not appealed the lower court's judgment with respect to its access to the sheriff department's services, we find no occasion to consider this function in the present appeal.

in local political disputes such as the present one further restrains us from disturbing the carefully compiled findings of the lower court.

We find no merit in plaintiff's remaining contention that the trial court abused its discretion in denying plaintiff an opportunity to call certain officials, including several commissioners, district judges, mayors, police chiefs, and other county sheriffs, as witnesses. A trial court has a broad measure of discretion in determining whether to exclude relevant evidence and may properly rule in favor of exclusion where a proposed witness's testimony would cause undue delay, a waste of time or needless presentation of cumulative evidence, MRE 403. In the present case, the court properly excluded the testimony of the witnesses in question as cumulative. For example, the court allowed plaintiff to call several of the individual members of defendant board of commissioners, despite the fact noted above that such boards exercise powers as a single entity and not individually, *Saginaw County v Kent, supra;* see also *Sheffield Development Co v City of Troy,* 99 Mich App 527; 298 NW2d 23 (1980), *lv den* 411 Mich 974 (1981). In light of *Saginaw County, supra,* and *Sheffield Development, supra,* the very fact that the court allowed plaintiff to call individual board members at all was by itself an exercise of discretion *favoring* plaintiff. The court's subsequent refusal to allow plaintiff to call all 27 individual board members was certainly justified by the court's factual finding that "the commissioners who testified were a fair representation of the Board of Commissioners who passed the budget", a factual finding which we cannot conclude was clearly erroneous. If the commissioners who testified fairly represented the board as a whole, fur-

ther commissioner testimony would have been cumulative and was properly excluded, MRE 403.

The foregoing conclusion applies equally to the proposed testimony of other local officials, such as other county sheriffs. The statements of those officials would have added little to the testimony already given below. There is no basis for plaintiff's argument that the testimony of certain witnesses. (notably other county sheriffs) would have been particularly probative merely because those witnesses had less apparent "interest" in the outcome of the proceedings. Nothing in the record or the court's opinion suggests that the court based its ruling upon a finding that plaintiff's witnesses were biased or that additional witnesses giving comparable testimony might have swayed the court to reach a different result. *Cf., Johnson v Detroit,* 79 Mich App 295; 261 NW2d 295 (1977).

Finally, the trial court did not err in denying plaintiff's request that defendants pay his costs and attorney fees in connection with this action. In any declaratory judgment action, it is within a trial court's discretion to decide whether to grant a plaintiff's request for attorney fees. *Stein v Continental Casualty Co,* 110 Mich App 410, 426; 313 NW2d 299 (1981), *lv den* 414 Mich 853 (1982). We find no abuse of discretion here. Recovery of attorney fees is allowed only where expressly authorized by statute or court rule. *City of Center Line v 37th District Court Judges,* 74 Mich App 97; 253 NW2d 669 (1977), *modified on other grounds* 403 Mich 595 (1978). The statute cited by plaintiff in support of an award of fees, MCL 49.73; MSA 5.826, requires the board of commissioners to employ attorneys to represent the sheriff when the latter is named as a *defendant,* but contains no language authorizing, let alone requiring, employment of attorneys to represent a county official

who initiates an action. See, also, *Exeter Twp Clerk v Exeter Twp Board,* 108 Mich App 262; 310 NW2d 357 (1981), where the official in question was named a defendant in a mandamus action.

The cases cited by plaintiff, *Wayne Circuit Judges v County of Wayne,* 386 Mich 1; 190 NW2d 228 (1971); *Beattie v County of Wayne,* Wayne County Circuit Court No. 249,447 (1949), are distinguishible. In each case, the appellate court found that a lower court, being part of the judicial branch of government, had inherent power to retain private counsel and to compel payment of the judges' attorney fees. However, the outcome in each case turned upon the fact that judicial officers were being forced to defend against encroachments upon the autonomy of the judiciary at their own expense. Under such circumstances, the courts in each case held that the county's payment of the judges' attorney fees was necessary to ensure the autonomy of the judiciary and that any contrary result would have impaired the judiciary's ability to function as a separate and equal branch of government. No comparable policy considerations are involved here.

We need not rely upon the foregoing distinctions in denying plaintiff's request for an order compelling payment of his attorney fees. Equitable and practical considerations compel the conclusion that the denial of fees was proper. In each case cited by plaintiff, the public official who succeeded in obtaining reimbursement of fees had prevailed on the merits of the action. In the present case, plaintiff has failed to persuade either the trial court or this Court that defendants' actions were arbitrary, capricious, or in any other respect invalid or unlawful. Plaintiff's failure to prevail on the merits is by itself a sufficient basis in equity for denying reimbursement of fees.

Practical realities reinforce our conclusion. Sparing the county the expense of plaintiff's fees is appropriate, given that the severe fiscal crisis which precipitated this action remains unresolved. The county can hardly be expected to stretch its severely limited resources even further to cover the expense of every challenge to its officials' budget decisions, particularly where, as here, the challenge is unsuccessful on the merits.[2]

Affirmed.

---

[2] We acknowledge that the present action was brought in good faith by a county department head for the purpose of protecting his department's ability to provide services and that, under the circumstances, the present litigation provides little personal benefit to the department head in question, plaintiff William Lucas. We also realize that neither corporation counsel nor the prosecuting attorney could have represented plaintiff without a conflict of interest (so that any request for corporate counsel representation would have been futile) and that the small legal staff of one attorney assigned to the sheriff's office could not conceivably have had the resources to provide representation comparable to that of a large law firm, whose services had been made available to defendants. We cannot overlook the potential inequity of requiring a sheriff who is involved in a major budget dispute to choose between relying upon his own staff's limited legal resources or resorting to outside counsel at his own expense. Perhaps in some future situation, where a county department head such as the sheriff brings a meritorious action challenging a county appropriations decision, this Court may depart from its general rules denying reimbursement of fees. However, we find dispositive the fact that in the present case, plaintiff has completely failed to prevail on the merits. Accordingly, we conclude that the trial court did not abuse its discretion in denying plaintiff's request for an award of attorney fees.