McDONALD v STROH BREWERY COMPANY

Docket Nos. 107001, 107004, 107005, 107008, 107011. Submitted January 8, 1991, at Detroit. Decided July 10, 1991; approved for publication October 22, 1991, at 9:00 A.M. Leave to appeal sought.

John E. McDonald and others brought actions in the Wayne Circuit Court against Stroh Brewery Company, alleging wrongful discharge and employment discrimination based upon age, gender, or national origin. The parties agreed that a single action brought by John Martin would be tried before a jury and that a decision in that case regarding the defendant's liability would be binding in the other suits. The defendant stipulated that Martin had an implied contract to be dismissed for just cause only; therefore the central issue was whether Martin's discharge was based upon economic considerations. The court, Robert J. Colombo, Jr., J., entered judgment on a jury verdict of no cause of action. In accordance with the pretrial stipulation, Judge Colombo then entered judgments of no cause of action in all of the cases. The appeals were consolidated.

The Court of Appeals *held:*

1. The trial court did not abuse its discretion in excluding proof regarding whether Martin's dismissal was for just-cause only. The defendant conceded that Martin only could be terminated for just cause, and that fact was not at issue. The plaintiffs were not prejudiced or unfairly surprised by the decision to exclude the evidence.

2. The court did not abuse its discretion in excluding testimony of several witnesses and documents prepared by an "outplacement" firm. The evidence was irrelevant, cumulative, based on mere speculation, or lacked a proper foundation.

REFERENCES

Am Jur 2d, Civil Rights §§ 233, 507; Job Discrimination §§ 98 *et seq.*, 1337 *et seq.*, 2109-2121, 2178.

Application of State law to age discrimination in employment. 96 ALR3d 195.

Proving that discharge was because of age, for purposes of Age Discrimination in Employment Act (29 USCS §§ 621 *et seq.*). 58 ALR Fed 94.

3. The jury instructions adequately and fairly presented the parties' theories of the case and the applicable law.

4. The trial court's response to a question asked by the jury during its deliberations was complete and fair to both parties and did not mislead the jurors.

5. The Court of Appeals lacks jurisdiction to review whether the trial court could hold the plaintiffs jointly and severally liable for aggregate mediation sanctions. The plaintiffs did not file claims of appeal with regard to that order.

Affirmed.

1. MASTER AND SERVANT — EMPLOYMENT CONTRACTS — AGE DISCRIMI-
   NATION — BURDEN OF PROOF — BONA FIDE ECONOMIC REASONS
   FOR DISCHARGE.

   A plaintiff alleging age discrimination in employment must prove by a preponderance of the evidence that it was a determining factor in the decision to discharge; if the defendant articulates a legitimate explanation for the termination, the burden of proof shifts to the plaintiff to show that economic reasons were a mere pretext; although the economic reasons must be bona fide, they need not rise to the level of a necessity; the jury is to decide only the reasonableness of the defendant's conduct and not substitute its judgment for the defendant's business judgment.

2. MASTER AND SERVANT — EMPLOYMENT CONTRACTS — TERMINATION
   FOR JUST CAUSE.

   A bona fide economic reason may provide just cause to terminate an employee whose contract provides for dismissal for just cause only.

*Conway, Bogdanski & Wright* (by *Daniel J. Wright* and *Michael A. Conway*), for the plaintiffs.

*Butzel Long* (by *Philip J. Kessler, Virginia F. Metz,* and *David B. Calzone*), for the defendant.

Before: JANSEN, P.J., and WAHLS and REILLY, JJ.

PER CURIAM. Plaintiffs appeal as of right from judgments of no cause of action entered by the Wayne Circuit Court regarding their various

claims against defendant for wrongful discharge and employment discrimination based upon age, sex, or national origin. We affirm.

I

Defendant, a regional brewery, discharged eighty-seven of its approximately four hundred employees on November 16, 1981, allegedly because of economic pressures occasioned by increased marketing, production, and transportation costs and loss of market share to the two largest national breweries. The terminations followed a poor earnings performance during the preceding fiscal year and was part of a reorganization effort to reduce defendant's work force without a corresponding decrease in production or efficiency. Before notifying the affected employees, defendant consulted with legal counsel, who assured it that the terminations would not violate the company's affirmative action program or its equal employment opportunity policy. After discharging the employees, a "bridge" program, which provided assistance in obtaining new employment and paid long-term employees their salaries and benefits for upward of six months, was implemented.

Several months after the terminations, defendant acquired the Schlitz Brewing Company for $510 million, of which two-thirds was borrowed and one-third financed using Schlitz's own assets. The acquisition makes defendant the third largest national brewery and was intended to position it as an effective competitor in the national market.

Plaintiffs-appellants, and others who are not parties to these appeals, filed separate actions against defendant in the Wayne Circuit Court, pleading wrongful discharge and employment discrimination. Because of the numerous individual

suits filed, the parties agreed that a single action—that of John Martin—would be tried before a jury and that a decision in that case regarding defendant's liability would be binding in the other suits.

Before trial, defendant stipulated that Martin had an implied contract to be dismissed for just cause only. Defendant therefore filed a motion in limine to exclude evidence regarding the nature of the employment contract. Martin objected, arguing that the evidence would be reflective of defendant's credibility and that its exclusion would prevent the jury from considering the proofs in their entirety. Finding that the evidence would not be material to a disputed issue and would cause needless delay and confusion, the trial court granted defendant's motion to exclude the evidence. Thus, the central issue to be litigated was whether the termination of Martin's employment was based upon economic considerations.

At the trial, which lasted three weeks, dozens of witnesses testified and numerous exhibits were submitted. Through his proofs, Martin attempted to show that the economic necessity defense was a mere pretext, as evidenced by, among other things, defendant's ability to afford the expensive "bridge" program and to acquire the Schlitz Brewing Company. Martin asserted that he was discharged without cause and was discriminated against because of his age. However, the jury was not persuaded. After hearing testimony regarding defendant's financial condition, the circumstances of the Schlitz acquisition, and defendant's efforts to reduce operating expenses and become competitive at a national level, the jury returned a verdict of no cause of action. In accordance with the pretrial stipulation, judgments of no cause of action were thereafter entered in all the cases.

This review is a consolidation of appeals brought by five of the aggrieved plaintiffs.

II

On appeal, plaintiffs first claim that the trial court abused its discretion in excluding proof of Martin's just-cause employment contract with defendant. We disagree.

The decision whether to admit or exclude evidence is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *Kochoian v Allstate Ins Co,* 168 Mich App 1, 12; 423 NW2d 913 (1988). Generally, relevant evidence is admissible, while irrelevant evidence is not. MRE 402. Evidence is relevant if it tends to make the existence of a fact at issue in the action more or less probable than it would be without the evidence. MRE 401. Relevant evidence may be excluded from trial if its probative value is substantially outweighed by the risk of unfair prejudice, confusion of the issues, waste of time, or misleading the jury. MRE 403; *Bartlett v Sinai Hosp of Detroit,* 149 Mich App 412, 417; 385 NW2d 801 (1986).

Here, because defendant conceded that Martin could be discharged for just cause only, that fact was not at issue in the case. Hence, the evidence would not have made the existence of a fact at issue more or less probable than it would have been without the evidence. Even if relevant, the evidence was properly excluded because its probative value was substantially outweighed by the danger that it might confuse the jurors with regard to the issue at hand (i.e., whether the termination was based upon economic considerations). Moreover, admission of the evidence would have resulted in additional expense and delay to an

already lengthy trial. And, this is not a situation where the concession failed to cover all facets of a material issue. See *Gutowski v M & R Plastics & Coating, Inc,* 60 Mich App 499, 515; 231 NW2d 456 (1975).

In a collateral argument, plaintiffs also claim that defendant's concession of the just-cause issue changed the order of proofs and resulted in unfair surprise. We can perceive no prejudice to plaintiffs. The motion in limine was made before trial and with enough time for both parties to file briefs concerning the matter. Plaintiffs cannot complain that they were unfairly surprised by the court's decision to exclude the evidence.

III

Plaintiffs next claim that the court abused its discretion in excluding certain other evidence on grounds of being irrelevant or cumulative. This evidence included testimony that Martin was refused reemployment in 1982, when defendant was hiring new employees; testimony that a younger employee assumed some of Martin's job responsibilities in 1983; documents prepared by an "outplacement" firm hired by defendant to administer the "bridge" program; testimony of a former controller of the defendant speculating about the cost of the "bridge" program; and testimony of a former vice president of the defendant regarding the economic necessity of the terminations. We do not believe the court abused its discretion in excluding this evidence. *Kochoian, supra.*

Testimony about events that occurred after the Schlitz acquisition was properly excluded because defendant's financial condition had changed substantially in comparison with the conditions that existed at the time of the terminations. Only the

latter time period was relevant to the crucial issue whether Martin's discharge was due to economic considerations or discriminatory intent. See *Gallaway v Chrysler Corp,* 105 Mich App 1, 9; 306 NW2d 368 (1981). Thus, the evidence was properly excluded on the ground that it was not probative of defendant's reason for the termination. MRE 402.

The documents prepared by the outplacement firm regarding the services and costs of the "bridge" program were also properly excluded because Martin's witness was unable to testify that the documents were ever forwarded to, or seen by, defendant. Absent proof that defendant adopted or ratified the services and costs described in the documents, their relevancy had not been established by a proper foundation. The cases cited by plaintiffs are not persuasive because they involved hearsay, not foundational, objections. See *Valenti v Mayer,* 301 Mich 551; 4 NW2d 5 (1942); *Arnsteen v US Equipment Co,* 52 Mich App 177; 217 NW2d 61 (1974). Moreover, even if the evidence were improperly excluded, reversal would not be required because other competent evidence was admitted from which the jury could infer the costliness of the "bridge" program. MRE 403.

Exclusion of testimony of defendant's former controller with regard to the cost of the "bridge" program was also proper. By the controller's own admissions, he could not render an informed opinion regarding the cost of the program. The amount estimated by the controller was based on mere speculation and, therefore, was properly stricken. *Harrison v Grand Trunk W R Co,* 162 Mich App 464, 469; 413 NW2d 429 (1987).

Lastly, the trial court properly excluded the continuing testimony of defendant's former vice president regarding the economic necessity of the

terminations. Before the point of exclusion, the witness' testimony was entirely consistent with that of several prior witnesses. Plaintiffs have not shown that the excluded testimony would have been other than cumulative. MRE 403; *Wayne Co Sheriff v Wayne Co Bd of Comm'rs,* 148 Mich App 702, 710-711; 385 NW2d 267 (1983).

IV

Plaintiffs next contend that the trial court erroneously instructed the jury that defendant should prevail if the terminations were based on a bona fide economic reason without requiring economic necessity. Allegedly, those instructions were improper because they permitted the jury to discount Martin's age discrimination proofs and find for defendant even if the terminations were based merely on the desire for profit and expansion, not economic hardship. We disagree.

When viewed as a whole, and not in a piecemeal and isolated fashion, the instructions adequately and fairly presented to the jury the parties' theories of the case and the applicable law. *Wiegerink v Mitts & Merrill,* 182 Mich App 546, 548; 452 NW2d 872 (1990). The jury was apprised that Martin had to prove, by a preponderance of the evidence, that age discrimination was a determining factor in the decision to discharge him. *Meeka v D & F Corp,* 158 Mich App 688, 692; 405 NW2d 125 (1987). Further, the jury was told that if defendant articulated a legitimate explanation for the termination, the burden of proof shifted back to Martin to show that the economic reasons were a mere pretext. *Id.* Although the economic reasons must be bona fide, there is no requirement that they rise to the level of a "necessity." See *McCart v J Walter Thompson USA, Inc,* 437 Mich 109, 114-115; 469 NW2d 284 (1991); *Friske v Jasinski Builders, Inc,* 156 Mich App 468, 472; 402 NW2d

42 (1986). Next, the jury was essentially instructed that a bona fide economic reason for the discharge constituted "just cause" under *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579; 292 NW2d 880 (1980). This was an appropriate charge. *McCart, supra,* p 114. Finally, the jury was properly advised that it was to decide only whether defendant's conduct was reasonable and not to substitute its judgment for defendant's business judgment. SJI2d 105.03.

V

During deliberations, the jury asked whether any exhibits had been introduced concerning a change in defendant's termination policy. There was none, and the court so responded. Over Martin's objection, the court refused to explain that the only evidence of the policy was presented through oral testimony. Plaintiffs now claim that the court failed to fully and fairly respond to the jury's inquiry. We find no error.

Clearly, the jury's request concerned only an exhibit regarding the policy, not any testimony thereon. The court's response was complete and fair to both parties and did not mislead the jurors into believing that no evidence of the policy was admitted at trial. See *Rumptz v Leahey,* 26 Mich App 438, 444; 182 NW2d 614 (1970).

VI

For their final issue, plaintiffs challenge the trial court's order making them jointly and severally liable for aggregate mediation sanctions. Because plaintiffs did not file claims of appeal with regard to that order, this Court is without jurisdiction to review the issue. *Eriksen v Fisher,* 166 Mich App 439, 450-451; 421 NW2d 193 (1988).

Affirmed.