KRAMER v CITY OF DEARBORN HEIGHTS

Docket No. 131994. Submitted August 13, 1992, at Detroit. Decided
October 23, 1992; approved for publication January 12, 1993, at
9:00 A.M. Leave to appeal sought.

Louis Kramer, Ronald Walkuski, and Catherine Jacobson, indi-
vidually, and as members of a class composed of owners of
property located within the Lefler-Ready Consolidated Storm
and Sanitary Drainage District, brought an action in the
Wayne Circuit Court against the City of Dearborn Heights,
Wayne County, the consolidated drainage district, the Wayne
County Executive, the chairman of the consolidated drainage
district, and the State of Michigan. The plaintiffs sought a
declaration that the state should be liable for certain costs
incurred by the city in upgrading sanitary and storm sewers to
bring them into compliance with federal clean water require-
ments and that surpluses held in various accounts of the three
drainage districts that were combined to form the consolidated
drainage district should be returned to the owners of the
property upon which the original assessments were made
rather than being turned over to the city for the purpose of
funding the upgrading and maintenance of the consolidated
drainage district. The court, James A. Hathaway, J., granted
summary disposition to each defendant. The plaintiffs appealed.

The Court of Appeals *held:*

1. The plaintiffs' pleadings fail to establish that the orders
issued by a state commission concerning compliance with fed-
eral clean water requirements constituted a new state-man-
dated activity within the meaning of the Headlee Amendment
of the Michigan Constitution. Further, because the City of
Dearborn Heights was not required by statute to operate a
sewage disposal system, the Headlee Amendment is not appli-
cable. Accordingly, the state is not required to fund the upgrad-
ing of the sewage disposal system.

2. The trial court properly held that the three existing

REFERENCES

Am Jur 2d, Municipal Corporations, Counties, and other Political
Subdivisions §§ 569, 570.

See ALR Index under Municipal Corporations; Sewers and Sewage.

drainage districts could be consolidated by the City of Dearborn pursuant to the provisions of Chapter 20 of the Drain Code rather than pursuant to the provisions of Chapter 19.

3. Because the consolidated drainage district continued to provide the same services as the drainage districts it replaced and continued to be necessary to the public health, convenience, and welfare, the consolidation did not constitute an abandonment of the replaced districts so as to require refund of any surplus funds in the drainage district accounts.

4. Retention by the city of the surplus funds in the accounts of the replaced districts did not constitute a constitutionally prohibited confiscation of those funds.

5. The failure to audit the accounts of the replaced drainage districts, in the absence of an allegation that the funds in those accounts were misused or misdirected or that a deficiency existed, is insufficient to require that the funds be returned to the taxpayers.

6. The trial court did not err in finding that there was no incompatibility of offices arising out of the fact that the same individual served both as the director of the county department of public works and as the chairman of the drainage district. The Drain Code specifically provides that the powers, duties, and functions of the public works commissioner and drain commissioner may be combined.

Affirmed.

1. DRAINS — HOME RULE CITIES — CONSTITUTIONAL LAW — STATE-MANDATED ACTIVITIES.

The state is not required to pay the costs incurred by a home rule city in satisfying state requirements relative to improvements of the city's sewage disposal system; because a home rule city is not required to operate a sewage disposal system, requirements relative to the operation of such a system is not a state-mandated activity within the meaning of the Headlee Amendment of the Michigan Constitution (Const 1963, art 9, § 29; MCL 21.234[5][h], 117.4f; MSA 5.3194[604][5][h], 5.2079).

2. DRAINS — CONSOLIDATION OF DRAIN DISTRICTS — ABANDONMENT OF DRAIN DISTRICTS.

A home rule city may seek consolidation of existing drainage districts under Chapter 20 of the Drain Code; a consolidation under Chapter 20 does not amount to abandonment of the replaced drainage districts so as to require refund of any funds retained in the accounts of the replaced drainage districts (MCL 280.391, 280.446, 280.486; MSA 11.1391, 11.1446, 11.1486).

*Charles H. Noble,* for the plaintiffs.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Milton E. Firestone* and *George M. Elworth,* Assistant Attorneys General, for the State of Michigan.

*Saul A. Green,* Wayne County Corporation Counsel, and *Thomas A. Neenan,* Assistant Corporation Counsel, for the County of Wayne, the Lefler-Ready Consolidated Storm and Sanitary Drainage District, Edward H. McNamara, and James E. Murry.

*Adam J. Dadaou,* Corporation Counsel, for the City of Dearborn Heights.

Before: NEFF, P.J., and GRIBBS and SHEPHERD, JJ.

PER CURIAM. Plaintiffs appeal as of right from the trial court's dismissal of this action challenging the funding of certain drain improvements and the consolidation of drainage districts. We affirm.

There is no merit to plaintiffs' claim that the trial court improperly granted summary disposition pursuant to MCR 2.116(C)(8) to defendant State of Michigan. Plaintiffs allege that "there is a disputed issue of fact as to whether the new effluent levels in the Federal Clean Water Act actually is [sic] what prompted the Water Resources Commission to order what it did." Plaintiffs claim that they stated a cause of action simply by pleading that the Water Resources Commission's order constitutes a "new state mandated activity." The mere statement of a pleader's conclusions, unsupported by allegations of fact upon which they may be based, will not suffice to state a cause of action. *NuVision v Dunscombe,* 163 Mich App 674, 681;

415 NW2d 234 (1987). In this case, plaintiffs alleged that "upon information and belief, said Compliance Orders are new requirements since 1978, the passage of the Headlee Amendment." As the trial court stated in its written opinion, the orders at issue were based upon a violation of an act that was in effect before the adoption of the Headlee Amendment (Const 1963, art 9, § 29). The trial court did not err in finding that the activities here were not a "new activity or service beyond that required by existing law."

There is no merit to plaintiffs' claims that the action in this case is violative of the Headlee Amendment because it was taken pursuant to a 1988 amendment of the Federal Clean Water Act, 33 USC 1251 *et seq.*, rather than pursuant to the language of the pre-1978 act. The Headlee Amendment requires the state to pay for the increase in costs incurred by units of local government because of any new activity or service required by the Legislature or another state agency. *Ann Arbor v Michigan*, 132 Mich App 132, 136; 347 NW2d 10 (1984). By statute, a law that allows a local unit of government to perform an activity or service, but does not require it, is not a "requirement of state law." MCL 21.234(5)(h); MSA 5. 3194(604)(5) (h). The providing of a sewage disposal system is optional under the home rule cities act, MCL 117.4f; MSA 5.2079. Because sewage disposal by a home rule city is a permissive rather than a mandatory activity, the costs associated with implementing state requirements relative to sewage disposal systems operated by a home rule city are not subject to the provision of the Headlee Amendment.

There is no merit to plaintiffs' claim that the trial court erred in denying them declaratory relief. Plaintiffs argue that the petition of defendant

City of Dearborn Heights to consolidate the three drainage districts was not properly brought under Chapter 20 of the Drain Code. We do not agree.

This Court's review of declaratory relief is de novo on the record. *Michigan State AFL-CIO v Civil Service Comm,* 191 Mich App 535, 548; 478 NW2d 722 (1991). However, we will not reverse a trial court's factual findings unless they are clearly erroneous. *Wayne Co Sheriff v Wayne Co Bd of Comm'rs,* 148 Mich App 702, 709; 385 NW2d 267 (1983).

Plaintiffs argue that consolidation should have been sought under Chapter 19 rather than Chapter 20 of the Drain Code. The trial court did not err in finding that Chapter 20 provides a basis for the consolidation. The statute relied upon by defendants specifically applies to drains located entirely within the limits of a single city, as is the case here. MCL 280.486; MSA 11.1486. Contrary to plaintiffs' claim, the statute also states that the petition need be signed by the city only. *Id.* As the trial court noted, MCL 280.482; MSA 11.1482 authorizes any improvement necessary for the public health and, thus, provides a sufficient basis for the consolidation here. We agree with the trial court that the petition and notice in this case (both individual and by publication) were sufficient. Moreover, MCL 280.484; MSA 11.1484, permits incorporation by reference of any consistent provisions in other chapters of the Drain Code. Thus, even assuming arguendo that some of the provisions of Chapter 19 could have been applied in this case as plaintiffs suggest, the trial court did not err in finding that Chapter 20 provided a basis for defendants' actions.

Plaintiffs also argue that consolidation of the drainage districts in this case amounts to an abandonment and that surplus funds must be refunded

to plaintiffs. The trial court found that the drains had not been abandoned. We agree.

Drains that have "ceased to be of public utility and [are] no longer necessary or conducive to the public health, convenience and welfare may be declared to be abandoned." MCL 280.391; MSA 11.1391. Where drains are consolidated, abandonment is permitted but not required by statute. MCL 280.446; MSA 11.1446. Where abandonment is chosen, surplus funds are to be refunded to the people who paid into the fund or their heirs, not to the current property owners as plaintiffs suggest. MCL 280.393; MSA 11.1393.

In this case, abandonment was not required and was not declared by defendants. The trial court did not err in finding that no abandonment occurred. Plaintiffs are not entitled to a refund.

Plaintiffs contend that the surplus funds were confiscated in violation of their constitutional rights. The trial court found that no constitutional rights had been violated, and we agree. A special assessment is not subject to the constitutional requirement of uniformity of taxation, Const 1963, art 9, § 3. See *Detroit v Weil,* 180 Mich 593, 599; 147 NW 550 (1914).

Plaintiffs argue that they are entitled to a refund because of the misconduct of the drain commissioner in failing to audit the accounts for over twenty-five years. The trial court found that plaintiffs had not been harmed by the lack of audits, because the funds in the drainage district accounts merely accumulated over that time. There is no allegation that the funds were misused or misdirected. The statute cited by plaintiffs, MCL 280.243; MSA 11.1243, does not apply in this case. By its express terms, the statute applies where there is a deficiency, and there is no deficiency

alleged in this case. Moreover, although it is true that MCL 280.243; MSA 11.1243 provides for refunds where there is a deficiency caused by the fraud or wrongful act of a county official, that provision directs that the refund be made to the taxpayers who paid the assessment, not to later property owners such as plaintiffs in this case.

Finally, plaintiffs contend that the trial court erred in finding no incompatibility of offices with respect to defendant James Murray, who acts both as director of the Wayne County Department of Public Works and as chairman of the drainage district. There is no merit to this claim. The Drain Code specifically states that the powers, duties, and functions of the public works commissioner and drain commissioner may be combined. MCL 280.21; MSA 11.1021.

The decision of the trial court is affirmed.