PEOPLE v EVOLA

Docket No. 154999. Submitted August 11, 1993, at Lansing. Decided
October 19, 1993, at 9:10 A.M. Leave to appeal sought.

Benedict R. Evola was charged in the 41A District Court with two
counts of possession and sale of modified telecommunications
equipment with the intent to fraudulently avoid lawful charges
for a telecommunications service. The court, Thomas W. McDo-
nell, J., granted the defendant's motion to suppress the evi-
dence and ordered the charges dismissed, finding that the sale
of the equipment, allegedly in violation of MCL 750.540c; MSA
28.808(3), did not take place in Michigan because the equip-
ment was being sent C.O.D. to an address in Florida, and that
the police had entrapped the defendant. The people appealed,
and the Macomb Circuit Court, Frederick D. Balkwill, J.,
affirmed after agreeing that the defendant had no intent to
violate Michigan law. The people appealed by leave granted.

The Court of Appeals *held:*

The defendant made devices in Michigan that were designed
to fraudulently avoid the lawful charge for a telecommunica-
tions service. He also possessed such devices in the state. The
lower courts' analysis, which was limited to whether the sale
took place in Michigan, failed to embrace the prohibitions
contained in MCL 750.540c; MSA 28.808(3) regarding the mak-
ing or possession of equipment designed to fraudulently avoid
the lawful charge for a telecommunications service.

Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *Carl J. Marlinga,* Prose-
cuting Attorney, and *Margaret De Muynck,* Assis-
tant Prosecuting Attorney, for the people.

*Arthur J. Weiss,* for the defendant.

Before: HOOD, P.J., and CAVANAGH and R. J. TAYLOR,* JJ.

PER CURIAM. The prosecution appeals by leave granted an order of the Macomb Circuit Court affirming the dismissal by the 41A District Court of two counts of possession and sale of modified telecommunications equipment with the intent to fraudulently avoid lawful charges for a telecommunications service. MCL 750.540c; MSA 28.808(3). We reverse and remand for further proceedings consistent with this opinion.

Following an investigation instigated by the cable television industry, defendant was charged with selling or furnishing to another a device designed to avoid lawful telecommunications charges, and making, possessing, or knowingly participating in the use of such a device by another. The devices, commonly called decoders or descramblers, enable the owner of a television set to receive programming without paying for it.

Defendant filed a motion to suppress the evidence, and the district court granted his motion after finding that no crime had been committed in Michigan. According to the testimony at the hearing, defendant advertised descramblers in electronic publications and notified interested parties that calls originating in Michigan would not be accepted.

The court found that the sale of the descramblers did not take place in this state because "the parties agreed that the sale was to be C.O.D. in Florida at a specified address." The court also found that the police had entrapped the defendant by traveling to Florida to place their order. The prosecution appealed to the circuit court, which affirmed after agreeing that defendant had no

* Circuit judge, sitting on the Court of Appeals by assignment.

intent to violate Michigan law. We must disagree with these two opinions.

MCL 750.540c; MSA 28.808(3), in pertinent part, provides as follows:

> Any person who (a) makes, possesses, uses, or knowingly participates in the use by another of any instrument, apparatus, equipment, or device designed or adapted for use (i) to fraudulently avoid the lawful charge for any telecommunications service in violation of this section . . . or (b) sells, gives, or otherwise transfers to another, or offers or advertises to sell, give, or otherwise transfer any instrument, apparatus, equipment, or device described in clause (a), is guilty of a misdemeanor, punishable by imprisonment for not more than 1 year, or a fine of not more than $500.00, or both, if the person engages in that conduct under circumstances evidencing an intent to use or employ the instrument, apparatus, equipment, or device, or to allow the same to be used or employed for a purpose described in clause (a)(i) . . . .

It appears to us from our review of the record that the defendant made devices in this state that were designed to fraudulently avoid the lawful charge for a telecommunications service. It also appears to us that defendant possessed such devices while in this state. Given this state of the record, the analysis by the courts below limited to whether a sale of the decoders took place in this state fails to embrace the statute in its entirety and is an analysis with which we cannot agree.

With respect to whether defendant was entrapped or subjected to an unreasonable search, neither of these issues was decided by the circuit court, and our review is limited to issues actually decided by the court. *Michigan Mutual Ins Co v American Community Mutual Ins Co,* 165 Mich App 269, 277; 418 NW2d 455 (1987).

Reversed and remanded for further proceedings.