GINGOLD v BERKLEY CLINIC, PC

Docket No. 134267. Submitted October 12, 1993, at Detroit. Decided December 21, 1993; approved for publication March 17, 1994, at 9:00 A.M. Leave to appeal sought.

Barbara Gingold brought a medical malpractice action in the Oakland Circuit Court against Berkley Clinic, P.C.; Samson A. Inwald, D.O.; and Susan Inwald, a physician's assistant. The court, Fred M. Mester, J., entered a judgment for the defendants after a jury returned a verdict of no cause of action. Challenging evidentiary rulings of the trial court, the plaintiff appealed and the defendants cross appealed.

The Court of Appeals *held:*

1. The trial court abused its discretion in admitting evidence of the plaintiff's arrest at a shopping mall during a period in which she claimed to have been bedridden and in pain as a result of the alleged negligent surgery performed by defendant Susan Inwald. Such evidence was substantially more prejudicial than probative, and its erroneous admission requires that the case be remanded for a new trial.

2. The trial court did not err in admitting evidence of the defendants' communication with the plaintiff's subsequent treating physician or in admitting the testimony of that physician with regard to standard of care, in light of the plaintiff's waiver of the physician-patient privilege.

3. The trial court did not err in admitting expert testimony about the supervision of defendant Susan Inwald or the scope of her authority with respect to the surgery at issue. Such evidence is not precluded by the statute governing physician's assistants, MCL 333.17001 *et seq.;* MSA 14.15(17001) *et seq.*

4. The trial court did not abuse its discretion in ruling that a certain witness was qualified to testify as an expert.

Judgment vacated; case remanded for new trial.

*Pianin, Paull, Sugar & Brandon* (by *Michael Pianin*), for the plaintiff.

*Feikens, Foster, Vander Male & DeNardis, P.C.* (by *Bruce A. Vandervusse*), for the defendants.

Before: MARILYN KELLY, P.J., and CAVANAGH and J. A. MURPHY,* JJ.

PER CURIAM. Plaintiff appeals as of right from a judgment of no cause of action in favor of defendants. Defendants cross appeal from certain trial court rulings. We remand for a new trial.

Plaintiff's sole issue on appeal concerns the admissibility of evidence of plaintiff's arrest. On cross appeal, defendants raise issues relating to the admissibility of certain other evidence.

Plaintiff, Barbara Gingold, filed suit against defendants for medical malpractice following surgery to treat vaginal cysts in August and September of 1985. The surgery was performed by defendant Susan Inwald, a certified physician's assistant. Susan Inwald was employed by defendant Berkley Clinic, P.C., which was owned and operated by defendant Samson Inwald. Plaintiff claimed persistent pain from the allegedly negligent surgery. The case was tried before a jury.

We agree with plaintiff that the trial court abused its discretion in admitting evidence of plaintiff's arrest. *Gillam v Lloyd,* 172 Mich App 563, 586; 432 NW2d 356 (1988).

Relevant evidence is admissible, and irrelevant evidence is not. MRE 402; *McDonald v Stroh Brewery Co,* 191 Mich App 601, 605; 478 NW2d 669 (1991). Evidence is relevant if it tends to make the existence of a fact at issue more probable or less probable than it would be without the evidence. MRE 401; *McDonald, supra.* However, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. MRE 403; *McDonald, supra.* In general, error requiring reversal may not be predicated upon a ruling that admits evidence unless a sub-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

stantial right was affected. MRE 103(a); *Temple v Kelel Distributing Co, Inc,* 183 Mich App 326, 329; 454 NW2d 610 (1990).

Evidence that plaintiff was at a shopping mall during the period when she claimed she was "pretty much" bedridden was relevant to the question of damages. Evidence that plaintiff was *arrested* at the mall was of marginal relevance. Furthermore, the evidence was substantially more prejudicial than probative, because it may have caused the jury to regard plaintiff as a bad person. We note that the fact that plaintiff was apparently not completely bedridden could have been shown another way (for example, by stipulation) with fewer harmful collateral effects. See *People v Oliphant,* 399 Mich 472, 490; 250 NW2d 443 (1976).

The erroneous admission of the evidence of the plaintiff's arrest was not harmless, because it may have caused the jury unfairly to reject plaintiff's claims. Therefore, we remand for a new trial.

The issues raised by defendants will be considered next, because they may arise again on remand.

First, we conclude that plaintiff waived the physician-patient privilege when she permitted the release of medical information without asserting the privilege. *Domako v Rowe,* 438 Mich 347, 356; 475 NW2d 30 (1991). Therefore, defendants' ex parte communications with the subsequent treating physician were proper, and the physician's testimony regarding the standard of care was admissible. *Id.* at 362.

Second, defendants claim that the trial court erred in permitting plaintiff to present evidence regarding whether defendant Susan Inwald had been improperly supervised and had acted outside the scope of her authority in performing the surgery. We disagree. The physician's assistant stat-

ute, MCL 333.17001 *et seq.*; MSA 14.15(17001) *et seq.*, does not preclude the admission of expert. testimony regarding this issue.

Finally, we do not believe that the trial court abused its discretion in determining that Kathleen Cunicella, D.O., was qualified to testify as an expert. *Mazey v Adams,* 191 Mich App 328, 331; 477 NW2d 698 (1991). A witness may be qualified as an expert by knowledge, skill, experience, training, or education. MRE 702. While one proposed witness may possess less expertise than another, that consideration goes to the weight of the evidence rather than its admissibility. *People v Whitfield,* 425 Mich 116, 123-124; 388 NW2d 206 (1986).

Judgment vacated; remanded for new trial.