ALLEGHENY LUDLUM CORPORATION v DEPARTMENT OF
TREASURY

Docket No. 146570. Submitted August 2, 1994, at Lansing. Decided
November 22, 1994, at 9:10 A.M.

Allegheny Ludlum Corporation brought an action in the Court of
Claims against the Department of Treasury, seeking a refund
of single business taxes paid. The plaintiff alleged that applica-
tion of the statutory apportionment formula resulted in the
attribution of business activity in Michigan that was dispropor-
tionate to plaintiff's actual activity in the state. The court,
Peter D. Houk, J., granted summary disposition for the defen-
dant and denied the plaintiff's motion for leave to file a second
amended complaint. The plaintiff appealed.

The Court of Appeals *held:*

1. The plaintiff's conclusory statements, unsupported by alle-
gations of fact, are not sufficient to state a cause of action.

2. Denial of the request to file an amended complaint was
proper because the record indicates that any amendment would
have been futile.

Affirmed.

*Howard & Howard* (by *Patrick R. Van Tiflin* and
*Michele L. Halloran*), for the plaintiff.

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, and *Russell E. Prins* and
*Terry P. Gomoll,* Assistant Attorneys General, for
the defendant.

Before: MICHAEL J. KELLY, P.J., and CAVANAGH
and M. J. SHAMO,* JJ.

PER CURIAM. Plaintiff filed a complaint seeking a

* Recorder's Court judge, sitting on the Court of Appeals by assign-
ment.

refund of single business taxes, MCL 208.1 *et seq.*; MSA 7.558(1) *et seq.,* that were paid for the years 1988 and 1989, alleging that application of the statutory apportionment formula resulted in the attribution of business activity in Michigan that was disproportionate to plaintiff's actual activity in the state. The trial court granted summary disposition in favor of defendant pursuant to MCR 2.116(C)(8). Plaintiff now appeals as of right. We affirm.

Summary disposition was properly granted in favor of defendant. Plaintiff's conclusory statements, unsupported by allegations of fact, were not sufficient to state a cause of action. *Koebke v LaBuda,* 339 Mich 569, 573; 64 NW2d 914 (1954); *Kramer v Dearborn Heights,* 197 Mich App 723, 725; 496 NW2d 301 (1993). In any event, summary disposition was appropriate because value added is not subject to geographic ascertainment. *Trinova Corp v Michigan Dep't of Treasury,* 498 US 358; 111 S Ct 818; 112 L Ed 2d 884 (1991). From a review of the record, it is clear the trial court applied the correct standard of review.

Plaintiff claims the trial court erred in not allowing it to file a second amended complaint. Assuming this claim was properly preserved for appellate review, *People v Evola,* 202 Mich App 178, 180; 507 NW2d 815 (1993); *Michigan Mutual Ins Co v American Community Mutual Ins Co,* 165 Mich App 269, 277; 418 NW2d 455 (1987), the court's denial of the request to file the amended complaint was proper because the record indicates that any amendment would have been futile. *Trinova Corp, supra; McNees v Cedar Springs Stamping Co,* 184 Mich App 101, 103; 457 NW2d 68 (1990).

Affirmed.